[Filed April 21, 1890.]

GEO. M. SEALY, RESPONDENT, v. CAL. LUM CO., APPELLANT.

SPECIAL APPEARANCE—OBJECTIONS TO SERVICE—ANSWERING OVER—EFFECT THEREOF. —A defendant cannot answer and make a full defense on the merits without making a general appearance in spite of his special appearance, and when he does so, he invokes the judgment of the court and submits himself and his rights to its jurisdiction, and can no longer be heard to say that it had no jurisdiction over his person.

APPEAL from Coos county: R. S. BEAN, judge.

LORD, J., delivered the opinion of the court:

This is an action to recover money. The facts out of which the question arises to be determined are these: That on the return of the proof of service as endorsed on the summons, the defendant by its attorneys filed the following motion: "Now comes the defendant, by John A. Gray and Shedden F. Wilson, its attorneys, and appearing specially and for the purposes of this motion only, moves the court to set aside the summons in the above-entitled action, and also the service thereof, for the reason that the said summons and the service thereof are defective and not in accordance with the laws of the State governing the same." The court overruled the motion, and the defendant then and there excepted. Thereupon the defendant, by its said attorneys, moved the court for leave to answer, which being granted, it filed its answer, to which the plaintiff filed his reply ; and after a trial, the verdict and judgment was for the plaintiff, and from which this appeal is taken. The error assigned is in overruling the motion of the defendant to vacate and set aside the summons served therein and the service thereof.

The contention of the defendant and appellant is that its subsequent appearance in the trial of the cause did not waive the error of the trial court in overruling its motion to set aside the service. The argument is, that it is only when the defendant pleads to the merits in the first instance without insisting upon the defects in the service, that such objection can be considered as waived; that when the defendant appears specially and for the purpose of calling the attention of the court to such defects, and the court overrules his objection, and he is thereby compelled to answer to avoid judgment from being taken against him, he will not be deemed to have abandoned his objection to the jurisdiction because he does not submit to further proceedings without contestation. *Harkins* v. *Hyde*, 98 U. S. 476. In *Lyman* v. *Milton*, 44 Cal.

635, and *Kent* v. *West,* 50 Cal. 185, it was held in the one case that a party was entitled to appear specially and move to set aside the service of an illegal summons, and in the other to set aside the service of the illegal service of a legal summons; and further, that the wrongful refusal of such motion was an error that was not waived by the defendant's subsequent appearance and trial of the case.

On the other hand, the contention of the plaintiff is that the defendant, by its subsequent appearance and trial of the cause, waived the motion to set aside the summons and service thereof as defective and submitted itself and its rights to the jurisdiction of the court. In *Kinkade* v. *Myers,* 17 Or. 471, the party appeared for the specific purpose and no other of setting aside the service, because it was alleged to be illegal, and it was held that he might make such special appearance, and that in so doing he did not waive such defects or submit himself to the jurisdiction of the court. See also *Ling* v. *N. P. R. R. Co.,* 10 Saw. 19.

But the question here presented is, whether, when he appears specially for a specific purpose named and the ruling is adverse to him, he can subsequently appear and contest the cause at every point without submitting himself to the jurisdiction of the court. In a word, does not his subsequent appearance concede jurisdiction, and wave the defect in the service to which he limited his special appearance? A general appearance waives all questions as to the service of process, and is equivalent to personal service. A special appearance limits the appearance to the matter specified; it is for that specific purpose and no other, and contests the jurisdiction *in limine.* To preserve his status in court, if he has appeared specially and questioned the jurisdiction, he must avoid any subsequent act which concedes jurisdiction and invokes the judgment of the court. A defendant cannot answer the complaint and make a full defense on the merits without making a general appearance in spite of his special appearance, and when he does so he invokes the judgment of the court, and submits himself and his rights to its jurisdiction, and can

no longer be heard to say that it had no jurisdiction. He cannot fight his side of the battle on the merits under a special appearance. The law will not allow him to occupy an ambiguous position to avail himself of its jurisdiction when the judgment is in his favor, and to repudiate it when the result is adverse to him. He ought to do one thing or the other—either fight it out on the line of his special appearance; or, if he appear and go to trial, accept its incidents and consequences.

According to this view, the subsequent appearance generally of the defendant to defend the action was equivalent to personal service, cured or waived the defect in the process or service to which the special appearance was limited, and cannot be availed to question the jurisdiction.

It may not be amiss, however, to say that I am not entirely satisfied that an answer to the merits waives an objection duly made to an illegal service of a summons which is questioned by a special appearance; but it is thought by the court that the better reason is with those authorities which hold that a party waives his objections to a defective summons or a defective service of a legal summons whether overruled or not, when he subsequently appears generally and defends the action.

It results that the judgment must be affirmed.