[Civil No. 417.   Filed March 8, 1894.]

[36 Pac. 175.]

HENRY DIAL, Plaintiff and Appellant, v. OSCAR OLSEN et al., Defendants and Appellees.

1. JUSTICE OF PEACE—CHANGE OF VENUE — JURISDICTION — NECESSITY FOR FILING OF TRANSCRIPT—REV. STATS. ARIZ. 1887, PAR. 1408, 1409, CONSTRUED.—Where a change of venue is granted in a justice's court, and an order of transfer made, as is required by para-

graph 1408, *supra*, the jurisdiction of the justice granting the order ceases, and the jurisdiction of the justice to whom the case *is sent attaches by operation of law; but the latter cannot proceed to exercise the jurisdiction until the officially certified transcript of the docket entries in the case provided for by paragraph 1409, supra,* is filed. A judgment rendered by the latter before the receipt of the transcript is a nullity.

2. SAME—MANDAMUS—TO COMPEL TRANSMISSION OF TRANSCRIPT REQUIRED BY REV. STATS. ARIZ. 1887, PAR. 1409.—*Mandamus* will lie to compel a justice to make out and transmit the transcript required by paragraph 1409, *supra*.

3. SAME—SPECIAL APPEARANCE—DOES NOT WAIVE ERROR IN PROCEEDING WITHOUT TRANSCRIPT—ANSWER TO MERITS AFTER OBJECTION OVERRULED.—A defendant does not waive the illegality in a justice, to whom a case is transferred, proceeding to trial and judgment in the absence of a transcript of the proceedings in the former court, by appearing specially and objecting thereto, nor by answering and defending after his objection was overruled.

4. INJUNCTION—RESTRAINING LEVY OF EXECUTION BASED ON VOID JUDGMENT.—Injunction will lie to restrain the levy of an execution upon a judgment rendered by a justice of the peace to whom a cause has been transferred prior to receipt by him of a transcript, required by paragraph 1409, *supra*, of proceedings in the court from which the case came.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Graham. Joseph H. Kibbey, Judge. Reversed.

The facts are stated in the opinion.

John W. Kobb, and Heney & Ford, for Appellant.

Cox & Street, and R. E. Wilson, for Appellees.

BAKER, C. J.—The appellant filed his complaint in the court below to restrain the levy of an execution upon his property, as well as the issuance of an *alias* execution under a judgment obtained in a justice of the peace court. We gather the following facts from the complaint: The appellee Olsen sued the appellant in the justice court of precinct No. 1, in Graham County, for damages. The defendant in that suit, being the appellant here, made an application for a change of venue to the justice court of precinct No. 12, which was granted. He also obtained a change of venue from the justice

court of precinct No. 12 to the justice court of precinct No. 10, and from there to the justice court of precinct No. 6, where this roving and travel-stained case was finally tried, and judgment rendered against the defendant. It is this judgment which is now claimed in this suit to be void. The following paragraphs of the Revised Statutes are applicable to a change of venue in justices' courts: "1408. The order of transfer in such cases shall state the cause of the transfer and the name of the court to which the transfer is made, and shall require the parties and witnesses to appear before such court named in the order, not less than two or more than five days after its date. 1409. When such order of transfer is made it shall be the duty of the justice who made the order immediately to make out a true and correct transcript of all the entries made on his docket in the cause and certify thereto officially, and to transmit the same, with a certified copy of the bill of costs taken from his docket and the original papers in the cause, to the justice of the peace of the precinct to which the same has been transferred." The complaint shows that in each instance of a change of venue no transcript of the docket entries in the case was sent to the other justice, and that the defendant objected to the proceedings for that reason. These objections were overruled, but the defendant was granted another change of venue until the case was finally tried in precinct No. 6. When the case reached that court, and before pleading to the merits, the defendant appeared specially, and objected to the proceedings upon the ground that no transcript of the docket entries had been sent to the court. This objection was overruled, and the court proceeded to try the case without such transcript of docket entries, and rendered the judgment complained of in this suit. The appellee demurred to the complaint upon the ground that no cause of action was stated. The court sustained the demurrer, and, the appellant declining to amend his complaint, final judgment was rendered, and the appeal was taken.

Did the court err in sustaining the demurrer? We think so. The appellant cannot complain of the defects occurring before the several justices prior to the one in precinct No. 6, for the reason that in every instance where he objected to those defects, though the objection was overruled, the case was transferred subsequently upon his motion to another justice,

and no judgment was given against him in such courts. But the judgment rendered by the justice in precinct No. 6 is a nullity. When a justice makes the order required by paragraph 1408 of the Revised Statutes, his jurisdiction over the case ceases, and the jurisdiction of the justice to whom the case is sent attaches by operation of law; but the latter cannot proceed to exercise that jurisdiction until the officially certified transcript of the docket entries in the case provided for by paragraph 1409 is transmitted to him by the justice ordering the transfer. His jurisdiction lies dormant until it is vitalized by the filing of such transcript in his court. The parties are required to see that this record is sent to the justice to whom the case is transferred, and upon failure of the justice to comply with paragraph 1409 a *mandamus* will command him to do so. In the mean time the justice to whom the transfer is made cannot proceed, and no substantial right of either litigant can be affected. The appellant did not waive the illegality in the proceedings by appearing specially and objecting. Laws of Ariz. 1893, p. 61. The fact that he answered and defended after his objection was overruled did not cure the illegality; that could only be waived by answering to the merits in the first instance. We are satisfied that the remedy by injunction was the appropriate one in this case. Reversed.

Sloan, J., and Hawkins, J., concur.