Argued December 2, affirmed December 22, 1914.

## ZACHARY *v.* POLK COUNTY COURT.

(144 Pac. 1182.)

**Mandamus — Pension to Women With Children — Action of County Court.**

1. Under Laws of 1913, page 75, giving a pension to needy women with children where the husband is unable to work *mandamus* lies to compel the County Court to provide a wife with assistance where she, by proper application under oath, brought herself within the terms of the statute, and the court did not make any order as to the application, or investigate or hear any evidence, but did not consider the application because the judge thought the County Court ought not to provide for her because of her residence in another county at the time her husband was sent to the penitentiary.

[As to right of individual to *mandamus* against judge or magistrate, see note in Ann. Cas. 1912A, 1118.]

From Polk: WEBSTER HOLMES, Judge.

Department 2.    Statement by MR. JUSTICE EAKIN.

This is a proceeding by *mandamus* by Maud E. Zachary against the County Court of Polk County, Oregon, to compel the County Court of Polk County to provide assistance for the plaintiff under the act of 1913, page 75, the title of which reads, in part:

"To provide for the assistance and support of women whose husbands are dead * * are physically or mentally unable to work and who have a child or children dependent for support wholly or partly upon their labor."

From an order granting the writ, defendant appeals.

AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. Joseph E. Sibley* and *Mr. Glen O. Holman.*

For respondent there was a brief and an oral argument by *Mr. Oscar Hayter.*

Department 2.   MR. JUSTICE EAKIN delivered the opinion of the court.

It is first assigned as error that *mandamus* is not the proper remedy to require the County Court to grant a pension to a needy widow; that it was without jurisdiction.   When the plaintiff made application to the County Court for the pension she made a formal one under oath, upon a printed blank, evidently furnished her by the court, giving all the information called for by the said blank or required by the statute, as follows:

"In the County Court of the State of Oregon, for the County of Polk—Juvenile Department.

"Application for Widow's Pension.

"The undersigned hereby makes application to the above-entitled court for a widow's pension, and in support of her application shows the facts set forth in her answers to the following questions: Applicant's name in full.   Maud Ena Zachary.   Address R. F. D. 1, Box 9 A, Dallas, Or.   Your age 42 years.   How long have you lived at your present address?   Since April 20, 1914.   Do you own your home?   No.   What property have you, real or personal?   State fully: No real estate.   Personal estate, two cows, 1 calf, about 24 chickens and some household goods and furniture.   If you rent, who is your landlord?   C. D. Reimer.   What rent do you pay?   $5 per month.   Amount of rent owing?   None.   Account of outstanding debts.   Sundry debts incurred by husband of applicant for groceries, clothing, etc., the amount of which is to applicant unknown.   Give your husband's name in full.   John Robert Zachary.   Is your husband living or dead?   Living.   If an inmate of some Oregon state institution, give date of commitment and length of term, if for a definite term.   Inmate of Oregon State Penitentiary, April 18, 1914.   Three to twenty years.   If your husband is dead state what property he left, including life insurance.   Give the names of all your children; also date and place of birth.

| Name. | Date of Birth. | Place of Birth. |
|---|---|---|
| Elizabeth Pearl Zachary. | May 19, 1900. | Dallas, Or. |
| Alde Robert Zachary. | Sept. 10, 1901. | Dallas, Or. |
| Lloyd Richard Zachary. | July 18, 1903. | Sheridan, Or. |
| John Raymond Zachary. | May 13, 1905. | Sheridan, Or. |
| Theresa Belle Zachary. | July 25, 1907. | Dallas, Or. |

"If husband is alive and unable to work, state fully why he is unable to work and his physical and mental condition. Is confined in Oregon State Penitentiary. Physical and mental condition normal so far as known. Name of your physician. Last physician employed Dr. Ferguson & Newton of The Dalles, Oregon, at that place in 1907. How many of your children are living with you? All of them. Name them: As above. How long have you lived in Polk County, continuously last before the making of this application. Since April 20, 1914. Give dates. From April 20, 1914, to date. State what your income is, including the salary of any minor child or children that you may have who are employed. None at present, except to secure employment in training and picking hops and such other work as can be found. Have you any money in the bank? No. Amount. What bank? Do you authorize the court or its officer to inquire of the bank? Yes; any bank. Give the date and place of your marriage. October 4, 1898, in Salem, Oregon. Have you your marriage certificate? Yes. How many times have you been married? One. Give the name of your father. Richard Hill. Give his age and address, if living. He is dead. Give the name of your mother. Elizabeth Hill. Give her age and address, if living. She is dead. Give the names and addresses of your brothers. Thomas Hill, 68 E. 6th St., Portland, Oregon; John Hill, 68 E. 6th St., Portland, Oregon. Give the names and addresses of your sisters. Julia Lyons, R. F. D. No. 1, Box 9 A, Dallas, Oregon; Florence Lyons, R. F. D. No. 3, Box 68, Salem, Oregon. Give the name of your husband's father. Robert Zachary. Give his age and address, if living. About 62 years, Fossil, Oregon. Give the name of your husband's mother. Elizabeth Zachary. Give her age and ad-

dress, if living. She is dead. State what relief you have received from public or private sources. Once while living in Dallas, County donated about $15 (about 1908) while John R. Zachary was sick. None other from public sources. None from private sources. Give amounts, and the names and location of institutions furnishing such relief. About $15 as above stated from Polk County, Oregon. Are you employed away from home? No. If so, state where, giving name and address of your employer, and what you earn. How long since your husband's death or inability to work have you been dependent wholly or partly upon your labor for the support of yourself and child or children? All the time since. If an allowance is made, do you agree to make a home for your children and properly rear them? Yes. At any time during your married life were you and your husband separated or divorced? No. Were you living with your husband at the time of his death? Will you notify the court in writing of any change in your address promptly? Yes. Give the names and addresses of five (5) persons who have known you at least two (2) years. Carl Swensen, R. F. D. No. 1, Dallas, Oregon; Gertie P. Williams, R. F. D. No. 1, Dallas, Oregon; Emma Middleton, R. F. D. No. 1, Dallas, Oregon; Lena Swensen, R. F. D. No. 1, Dallas, Oregon; George Fay Brower, R. F. D. No. 1, Dallas, Oregon.

"State of Oregon,

County of Polk,—ss.:

"I, Maud Ena Zachary, being first duly sworn, say that I have carefully read over, or heard read, each and all the foregoing answers to the foregoing questions, and that each and every statement therein made is true, as I verily believe.        . MRS. MAUD ENA ZACHARY.

"Subscribed and sworn to before me this 2d day of May, A. D. 1914.

"A. B. ROBINSON, JR.    [Seal.]"

There was no order made denying the application or reason given for disallowing it or proof asked by the court other than as sworn to in her application; but

upon the trial of this proceeding the county judge as a witness was questioned and replied thereto as follows:

"Q. Your idea was, as I understand it, you did not like to allow her so much as $40 per month, and you thought from the following she was not entitled to it on account of her residence at the time her husband was committed to the penitentiary?

"A. Well, that was the idea. I did not think she was a subject of this county at all. That is the reason I did not allow it.

"Q. You felt she was not a resident of Polk County?

"A. Yes, sir.

"Q. That was the ground on which you declined to make any order whatever?

"A. Yes, sir."

There was no effort on defendant's behalf to prove or even assert that she lived or resided elsewhere than as shown in her application. The county judge seems to have treated the matter as solely in his discretion to allow or not to allow a pension. He did not seem to question or doubt the facts as set forth in her application. This is not an attempt to control the judgment of the County Court, or to direct what he shall do, but he has arbitrarily refused to render any judgment from which an appeal could be taken. The statute creates the liability against a county. If the court had found that she was not a resident of the county, or that her children were earning money sufficient for her support, as specified in Section 2 of the act, then *mandamus* would not lie; but, when the County Court refuses to entertain the application, and does not act as a court in the matter, *mandamus* is the remedy to acquire conformity with the statute. It is admitted that the County Court is the Juvenile Court of Polk County, and the answer here makes but one defense,

namely, that she did not prove to the satisfaction of the court that she is a *bona fide* resident of Polk County, or that she is a suitable person to be intrusted with the expenditure of any money which might be allowed her by law. If her allowance had been denied on that account, and the court had made an order to that effect, appeal would have been the proper remedy; but Section 8 of the act gives to the County Court power to summon witnesses, thus contemplating that the duty is on the County Court to satisfy itself of the facts necessary to a determination of the merits of the application, and it cannot refuse to take any action and when brought into court answer that the proper proof was not furnished. The statute is making provision for an indigent person, and does not presume that the widow would have to put up fees for lawyers and money for court costs. The court, when its attention is called to the case by the application, should itself investigate the facts, as no meritorious defense is set up, and the facts are all set out. The answer states that the facts were not proved to the satisfaction of the County Court, referring to the proceedings before the County Court. It is here shown that the proof before the County Court was full, and, if the court wanted further evidence of any of these matters, it was its duty to investigate. Evidently the Circuit Court considered, as we do now, that the case was before it on the question of the right of the County, Court to arbitrarily refuse to consider the application, and that no issue of fact was raised, or is here raised, as to the merits of the application or the ability of the widow to spend the money. At the trial in the Circuit Court no evidence was offered by the defendant, so that plaintiff's proof must be taken as true, and constitutes a practical admission of the plaintiff's right to a *man-*

*damus* if her proof made a *prima facie* case. There-fore there was no error in the judgment of the Circuit Court.

The judgment is affirmed. AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur.