Argued July 19, modified August 1, 1916.

## FINLEY *v.* MARION COUNTY.

(159 Pac. 557.)

**Infants—Mother's Pension—Presence of Mother at Home.**

1. Under Laws of 1913, page 75, providing in Section 1 for a mother's pension for the support of herself and of her child or children, and Section 5, providing it is the intent of the act to keep the children to which it is applicable together under the control of their mother, and that the mother shall make a home for the children, a mother did not forfeit her right to a pension by working away from the family residence some hours of the day, if such labor was necessary to contribute to their subsistence.

**Infants—Mother's Pension—Date of Accrual of Right to Pension.**

2. Under such act, an applicant's right to pension accrued from the date of her application in proper form.

**Infants—Mother's Pension—Power of County Court Sitting as Juvenile Court.**

3. Under the terms of such act, the County Court, sitting as a Juvenile Court, can grant no other relief than that provided for in the act.

Infants—Mother's Pension—Repeal.

4. The passage of the amendatory Mother's Pension Act of 1915 (Laws 1915, p. 97) did not repeal any provisions of the Mother's Pension Act of 1913 (Laws 1913, p. 75) so as to affect an amount then due and accrued under the act of 1913, although no action on application therefor was taken until after enactment of 1915 act.

Infants—Mother's Pension Act—Repeal—Vested Rights.

5. No person disqualified by the 1915 amendatory Mother's Pension Act (Laws 1915, p. 97) is entitled to have her pension continued after that law went into effect.

. From Marion: WILLIAM GALLOWAY, Judge.

In Banc.    Statement PER CURIAM.

These are cross-appeals from the decision of the Circuit Court of Marion County in the matter of an application of Mary Luella Finley for a pension under the Mother's Pension Act, Chapter 42, Session Laws of 1913. In July, 1913, the petitioner filed her application in due form, setting forth the fact that her husband was wholly incapable of supporting her or her son, then about eight years of age. The petition was in regular form, and stated all the facts required by statute. Being of the opinion that the petitioner was not entitled to the relief sought, by reason of the fact that she was at work which kept her away from home much of the time during the day, and for other causes not necessary to mention here, the County Court took no action on the petition until July 30, 1915, when it entered an order denying the same. At various times, however, the County Court extended financial assistance under the provisions of the pauper statutes. The petitioner appealed from the decision of the County Court denying her application and, upon the hearing of the appeal in the Circuit Court, the latter found that she was entitled to a mother's pension as prayed for in her petition, but held that she was guilty of laches in not compelling the Juvenile Court to act upon

it at an earlier date, and allowed her compensation only from July 30, 1915.                    MODIFIED.

For appellant there was a brief with oral arguments by *Mr. Walter L. Tooze, Jr.,* and *Mr. Glenn O. Holman.*

For respondent there was a brief over the names of *Mr. George G. Bingham* and *Mr. Ernest R. Ringo,* District Attorney, with an oral argument by *Mr. Bingham.*

Opinion PER CURIAM.

1. We are of the opinion that under the act of 1913 a mother was not required to be with her family all the time if she kept them together in the home, and that she did not forfeit her right to a pension by working away from the family residence at some hours of the day if such labor were necessary to contribute to their subsistence.

2. To the first question propounded in respondent's brief we therefore answer that under the act of 1913 the petitioner was entitled to a pension of $10 a month from the date of her application.

3. The second question asked is "whether, under the terms of the act of 1913, the County Court sitting as a Juvenile Court can grant relief other than the relief provided for in the act."

To this we answer, "No."

4, 5. The third question proposed in the brief of the attorney for the county is this:

"The applications having been filed during the month of June, 1913, and no action being taken to cause a record to be made until the month of August, 1915, and after the amendatory act went into effect, had the Juvenile Court authority to grant relief excepting under the conditions specified in Section 3 of the amendatory act of 1915?"

To this we reply that in our opinion it was not the intent of the act of 1915 to repeal any provisions of the act of 1913 so as to affect amounts then due which should have been allowed in the regular course of proceedings under the act of 1913, and that as to sums accrued before the act of 1915 went into effect, they should be allowed in full. Subject to this exception no person who is disqualified under the law of 1915 is entitled to receive a pension, and pensions to persons falling in this class should be discontinued after the date that the act of 1915 went into effect: *United States* v. *Teller,* 107 U. S. 64 (27 L. Ed. 352, 2 Sup. Ct. Rep. 39); *Eddy* v. *Morgan,* 216 Ill. 449 (75 N. E. 174).

The judgment of the Circuit Court will be modified to conform to this opinion.    MODIFIED.

