Argued February 8, writ denied February 19, 1918.

# BADURA v. MULTNOMAH COUNTY.

· (170 Pac. 938.)

**Infants—Support—Mother's Aid—Application.**

1.   Under Laws of 1913, page 75, entitling every woman who has children under the age of 16 years, and whose husband is dead, and the support of whose child or children is dependent wholly or partly upon her labor, to receive assistance from the county, an application by a widow for support which discloses that her husband left an estate consisting partly of life insurance, but which failed to disclose whether he died testate so that it could be determined to whom the property belonged, and also averred that the widow had no money in the bank, so that it did not appear that either of her children were dependent upon her labor, was insufficient to show that the applicant was entitled to support.

**Mandamus—Compelling Court to Act on Petition.**

2.   Under Section 613, L. O. L., authorizing the issuance of a writ of *mandamus* to compel the performance of an act which the law specially enjoins as a duty resulting from an office, a petition by a widow for a writ of *mandamus* to compel the county juvenile court to act upon her application for aid from the county for the support of her children will be denied where the application fails to show that she is entitled to aid.

> [As to right of private person to *mandamus* to enforce performance of duty by court or magistrate, see note in **Ann. Cas.** 1912A, 1118.]

Original *mandamus* proceeding in Supreme Court.

*Mr. Glenn O. Holman*, for the plaintiff.

*Mr. Samuel H. Pierce* and *Mr. Walter H. Evans*, District Attorney, for the defendant.

Department 2.   Mr. Justice Moore delivered the opinion of the court.

The petition of Mary Badura, filed in this court for an alternative writ of *mandamus*, to compel the Juvenile Court of Multnomah County, Oregon, to act upon her application for an allowance for her support as the widow of Joseph P. Badura, and for assistance in the maintenance of their two children who were then

under 16 years of age, states facts designed to show
a right to the relief demanded.

Many of the averments of the petition are denied
by an answer which alleges that the plaintiff's original
application, addressed to that court, did not state facts
sufficient to confer jurisdiction of the subject matter,
detailing the particulars.

A reply put in issue the allegations of new matter
in the answer. The cause was tried upon an agreed
statement of facts from which it appears that the
plaintiff, on September 22, 1914, filed in the Juvenile
Court of that county her application for an allowance
of money for the support of herself and of such chil-
dren, founded upon Chapter 42, Gen. Laws Or. 1913,
parts of which, as far as material herein, read:

"Every woman, who has one or more children under
the age of sixteen years and whose husband is * *
dead * * and whose support and the support of whose
child or children is dependent wholly or partly upon
her labor, shall be entitled to the assistance as provided
for in this act for the support of herself and of her
child or children: Section 1.

"Subject to subsequent provisions of this act, every
woman, as provided in Section 1, who is herself, and
all of whose children are wholly dependent upon her
labor for support shall receive from the public moneys
of the county in which she and her child or children
reside the sum of ten dollars per month for one child,
and if she have more than one residing with her, seven
dollars and fifty cents per month for each of such addi-
tional children: Section 2.

"Subject to subsequent provisions of this act, every
woman, as provided by Section 1, who is herself and
all of whose children are, partly dependent upon her
labor for support, shall receive from the public moneys
of the county in which she and her child or children
shall reside, such a sum per month as, added to her
other income (other than that derived from her labor)
shall be equal to the amount which she would receive

if she was subject to the provisions of Section 2 of this act: Section 3.

"The provisions of this act shall not apply to any child which has property of its own sufficient for its support. * * Section 4."

Though this act was amended (Gen. Laws Or. 1915, Chap. 90; Gen. Laws Or. 1917, Chap. 267), these proceedings seek payment of the sums of money prescribed by the original enactment until its alteration.

1. The copy of the plaintiff's original verified application does not show that her support or that of either of her two children is dependent wholly or in part upon her labor, nor is it apparent therefrom that either of these children has no property of its own from which its support is obtainable.

The application is in the form of questions and answers from which the following excerpts are taken:

"Q. If your husband is dead, state what property he left, including life insurance.

"A. $2,000 and $75 Degree Camp, $300 funeral and plot, $1,500 property, $400 sewer and living expenses since. * *

"Q. State what your income is, including the salary of any child or children that you may have employed.

"A. Have 3 cows but no income,—feed so high.

"Q. Have you any money in bank?

"A. No. * *

"Q. Are you employed away from home?

"A. No. * *

"Q. Do you own your own property?

"A. Yes.

"Q. What property have you, real or personal? State fully.

"A. 2 lots and house and barn, chicken-house; was offered $1,700 for it; 3 cows, boys own pony; 40 chickens. * *

"Q. Account of outstanding debts?

"A. I don't owe any; pay cash for everything; would rather do without than go in debt."

It would thus seem that after Mr. Badura's death, which occurred December 28, 1913, his life insurance, which was subsequently received, amounted to $2,375, out of which had been paid his funeral expenses, the support of his family thereafter accruing, and $400 on account of a sewer assessment, and that he also left other property of the value of $1,500. Whether he died testate is not disclosed by the application, and for that reason it cannot be determined to whom this money and property legally belong. Because the plaintiff had no money in the bank does not conclusively show she had none in her possession. It is possible that the two children, for whose support assistance is demanded, may have inherited or been bequeathed a part of the money and property which their father left. In the absence of any showing upon that subject, it does not necessarily follow that the lots, house and barn which Mrs. Badura owns were the property, valued at $1,500, which her husband left.

An issue of fact is made by the pleadings and evidence herein, which controversy differentiates this case from those of *Zachary* v. *Polk County Court,* 74 Or. 58 (144 Pac. 1182); *Finley* v. *Marion County,* 81 Or. 294 (159 Pac. 557); *Wolfe* v. *Marion County,* 81 Or. 297 (159 Pac. 558), where no disputes in relation thereto appear to have been involved.

2. The writ of *mandamus* may be issued to compel the performance of an act which the law specially enjoins as a duty resulting from an office: L. O. L., § 613. The right to this special proceeding must be certain and made clearly to appear before a peremptory writ will be issued: *Mackin* v. *Portland Gas Co.,* 38 Or. 120 (61 Pac. 134, 62 Pac. 20, 49 L. R. A. 596). In *State* v. *Multnomah County,* 82 Or. 428, 433 (161 Pac. 959), it was said:

87 Or.—29

*"Mandamus* will not lie unless the ministerial duty enjoined by law is free from doubt."

The case at bar, as made by the pleadings and evidence, fails to bring it within the rule thus prescribed.

It would be an idle ceremony to compel the Juvenile Court of Multnomah County, Oregon, to act upon an application for the support of a widow and her minor children, when no other legal course could possibly be pursued or conclusion reached on the merits, under the showing made, than to deny the relief sought. Such being the case, the proceedings should be dismissed and it is so ordered. DISMISSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MCCAMANT and MR. JUSTICE HARRIS concur.