Argued on demurrer to alternative writ November 30, writ allowed December 13, 1927.

# STATE EX REL. EDWARD SULLIVAN *v.* GEORGE TAZWELL, PRESIDING JUDGE.

### (262 Pac. 220.)

**Mandamus—Circuit Court Judge is "Officer," Subject to Mandamus to Compel Performance of Official Duty (Or. L., § 613).**

1. Circuit judge is an "officer," subject to *mandamus* within the purview of Section 613, Or. L., providing *mandamus* may issue to compel performance of an act which the law especially enjoins as a duty resulting from office.

**Seamen—State Court has Jurisdiction of Subject Matter of Action Under Statute for Injuries Suffered by Steamship Pilot (28 U. S. C. A., § 41, subd. 3; Merchant Marine Act 1920, § 33 [46 U. S. C. A., § 688]).**

2. In action for injuries to pilot on steamship, brought under Merchant Marine Act of 1920, Section 33 (46 U. S. C. A., § 688; U. S. Comp. Stats., § 8337a), state court has jurisdiction of subject matter of action under Judicial Code, § 24(3), being 28 U. S. C. A., Section 41, Subdivision 3.

**Admiralty—Congress may Exclude State Courts from Exercising Jurisdiction Over Maritime Litigation.**

3. United States has exclusive jurisdiction of maritime matters, and Congress may exclude state courts from exercising jurisdiction over maritime litigation.

**Seamen—State Court had Jurisdiction of Personal Action for Injuries by Ship Pilot Against Foreign Corporation Having Principal Office in Another State (Merchant Marine Act 1920, § 33 [46 U. S. C. A., § 688]).**

4. In action by pilot against steamship company for injuries incurred aboard ship, brought under Merchant Marine Act of 1920, Section 33 (46 U. S. C. A., § 688; U. S. Comp. Stats., § 8337a), state court had jurisdiction of defendant, though defendant was foreign corporation, having principal office in another state, requirement of Section 33, limiting jurisdiction in seaman's action for injuries to court of district in which employer resides or has principal office, being applicable to federal courts only.

---

1. *Mandamus* against judicial officers, see note in 98 **Am. St. Rep.** 890. See, also, 18 **R. C. L.** 295. *Mandamus* to compel performance of public duty, see notes in 28 **Am. Rep.** 448; 125 **Am. St. Rep.** 493. See, also, 18 **R. C. L.** 117.

Mandamus—Mandamus Lies to Compel Court to Try Case as to Which He Declines Jurisdiction Under Mistake of Law (Or. L., § 613).

5.   Where court declines jurisdiction by reason of mistake of law, *mandamus* will lie to compel him to hear and determine case under Section 613, Or. L.

Mandamus—Mandamus Lies to Compel State Circuit Court to Hear Action for Injuries by Pilot Against Steamship Company, Which Court Declined to Hear Under Mistaken Belief as to His Jurisdiction (Merchant Marine Act 1920, § 33 [46 U. S. C. A.. § 688]; Or. L., § 613).

6.   Circuit Court *held* under duty to proceed to trial of action for injuries by pilot against steamship company under Merchant Marine Act of 1920, Section 33 (46 U. S. C. A., § 688; U. S. Comp. Stats., § 8337a), where defendant corporation was properly served, and refusal of court to exercise jurisdiction under mistake of law warranted granting of *mandamus* under Section 613, Or. L.

Appeal and Error—Order Sustaining Motion to Quash Service of Summons is not Appealable—"Final Order."

7.   Order sustaining motion to quash service of summons is not "final order," preventing a judgment or decree, and is therefore not appealable.

Mandamus — Sufficiency of Complaint cannot be Determined in Mandamus Proceeding to Compel Court to Hear Case in Which It Quashed Service of Summons for Supposed Want of Jurisdiction.

8.   In *mandamus* proceeding to compel judge to hear case after he sustained motion to quash service of summons on ground that he lacked jurisdiction, Supreme Court may not determine question of sufficiency of complaint.

Pleading — Motion or Demurrer, not Motion to Quash Service of Summons, is Proper Method to Determine Sufficiency of Complaint.

9.   Motion to quash service of summons is not a proper method to determine the sufficiency of the complaint, but defendant should proceed by motion or demurrer.

---

Admiralty, 1 C. J., p. 1253, n. 67.
Appeal and Error, 3 C. J., p. 479, n. 86.
Appearances, 4 C. J., p. 1320, n. 45.
Courts, 15 C. J., p. 726, n. 7 New.
*Mandamus*, 38 C. J., p. 543, n. 38, p. 561, n. 81, p. 562, n. 91, p. 604, n. 20, p. 610, n. 79, p. 619, n. 13 New, p. 919, n. 27.
Pleading, 31 Cyc., p. 289, n. 60.
Process, 32 Cyc., p. 526, n. 41.
Venue, 40 Cyc., p. 108, n. 60, 62, p. 109, n. 63, p. 115, n. 95.

5.   *Mandamus* to compel judicial officer to take jurisdiction, see note in 98 Am. St. Rep. 891.  See, also, 18 R. C. L. 295.
7.   What are final and interlocutory judgments and decrees, see note in 60 Am. Dec. 427.  See, also, 2 R. C. L. 48.

Original proceeding in *mandamus.*

Department 1.

This is an action of *mandamus* to require defendant to proceed with the trial of a personal injury action instituted by relator Edward Sullivan against Luckenbach Steamship Company, Inc. Relator was injured while about to enter on his duty as a pilot on the "Florence Luckenbach," a steamship belonging to said company. The injury occurred in the Columbia River near Astoria. The services of relator were sought by said company on said steamship as a pilot through the Columbia and Willamette Rivers from Astoria to Portland, Oregon. He instituted an action in the Circuit Court for Multnomah County against said steamship company to recover $30,000 damages. A summons was duly issued and served upon the defendant which is a Delaware corporation but has and maintains an office for the transaction of business in the State of Oregon at Portland. Said steamship company especially appeared and moved to quash the service of the summons.

" * * for the reason that this action is brought under section 33 of the Merchant Marine Act of 1920, and that this court does not have jurisdiction to hear this cause, and that the venue is not properly laid.

"On the argument of this motion the attorneys for defendant will contend that section 33 of the Merchant Marine Act of 1920 provides that jurisdiction in actions of this nature shall be under the court of the district in which the defendant employer resides, or in which his principal office is located."

The motion was supported by an undisputed affidavit showing that said steamship company is a

Delaware corporation, and has its principal office in
the State of New York. After argument the motion
to quash the summons was sustained. This proceed-
ing was instituted for the purpose of compelling de-
fendant who sustained said motion to assume juris-
diction and proceed with the trial of said action.

WRIT ALLOWED.

For the plaintiff there was a brief over the name
of *Messrs. McCamant & Thompson,* with an oral
argument by *Mr. Wallace McCamant.*

For the respondent there was a brief over the
name of *Messrs. Wood, Montague & Matthiessen,*
with oral arguments by *Mr. Erskine Wood* and *Mr.
Gunther F. Krause.*

COSHOW, J.—1. A Circuit Court judge is an of-
ficer subject to *mandamus* within the purview of
Section 613, Or. L.: *Johnson* v. *Tucker,* 85 Or. 646
(167 Pac. 787); *State ex rel.* v. *Bradshaw,* 59 Or. 279
(117 Pac. 284); *Che Gong* v. *Stearns,* 16 Or. 219, 223
(17 Pac. 871). The purpose of the writ of *manda-
mus* is to "compel the performance of an act which
the law especially enjoins, as a duty resulting from
an office, * * ." Section 613, above.

2. It appears from the alternative writ that de-
fendant as circuit judge sustained the motion to
quash the service of the summons in the action of
relator against said steamship company not because
the service was not properly made nor because the
sheriff did not make a sufficient return of the service,
but because he believed his court to be without juris-
diction of the defendant steamship company. It is
conceded by the defendant that the service in all
respects was sufficient to subject the defendant in

that action to the jurisdiction of the Circuit Court for Multnomah County. It is also conceded by defendant that said Circuit Court has jurisdiction of the subject matter. Consistently from 1789 when the Judiciary Act of the federal government was passed state courts have had jurisdiction of actions arising out of maritime transactions where a remedy according to the course of the common law was appropriate: 1 Stats. at Large, 77, § 9; 36 Stats. at Large, 1091, § 24, subd. 3; 40 Stats. at Large, 395, Chap. 97, §§ 1 and 2; 42 Stats. at Large, 634, Chap. 216, clause 3 of § 24 of the Judicial Code. There is no controversy in this proceeding regarding the jurisdiction of the Circuit Court for Multnomah County over the subject matter which is the cause of the action of relator against said steamship company.

3, 4. As we understand the contention of defendant it may be succinctly stated thus: Because relator may avail himself of the provisions of Section 33 of the Jones Act said steamship company has the privilege of being sued only in the district where it resides or has its principal office. The language relied upon by defendant is as follows:

" * * Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

"Jurisdiction" as here used has been construed as "venue": *Panama R. R. Co.* v. *Johnson,* 264 U. S. 375, 384, 385 (68 L. Ed. 748, 44 Sup. Ct. Rep. 391); *Patrone* v. *Howlett,* 237 N. Y. 394 (143 N. E. 232, 233, 234):

"It (Jones Act) provides for the venue *when the action is brought in the United States court,* and probably that is as far as it goes in defining juris-

diction. We have in effect so held in the Lynott case.''

*Lynott* v. *Great Lakes Transit Corp.,* 202 App. Div. 613 (195 N. Y. Supp. 13, 15, 18), 234 N. Y. 626 (138 N. E. 473).

State courts are not mentioned in connection with the sentence defining venue referred to. The act was enacted by the Congress. The Congress does not prescribe procedure for the state courts. As the United States has exclusive control of maritime matters that government could exclude state courts from exercising jurisdiction over maritime litigation. But the Congress has not done so, but has evinced the opposite intention. The language employed and the context manifest that the Congress was fixing the venue for the federal courts and had no reference to the state courts. See, also, *Engel* v. *Davenport,* 271 U. S. 33, 37 (70 L. Ed. 813, 46 Sup. Ct. Rep. 410); *Panama R. R. Co.* v. *Vasquez,* 271 U. S. 557 (70 L. Ed. 1085, 46 Sup. Ct. Rep. 596). The Congress has not disclosed any intention to regulate the state courts in conducting competent litigation growing out of maritime commerce.

5, 6. It is conceded that the defendant in said action is a resident of the State of Delaware and has its principal office in the State of New York. The defendant held, therefore, that jurisdiction over the person of the defendant could not be obtained in the State of Oregon in an action based on said Jones Act: Merchant Marine, 1920, 41 Statute of U. S. 988. See Chapter 250. Defendant in his able brief says:

''When the court has *inherent power to hear* but disclaims jurisdiction, a writ of *mandamus* may issue provided relator has no adequate remedy at law. When the court has jurisdiction of the subject mat-

ter, but denies its *power to proceed* for want of authority over the person or defect of process, a writ of *mandamus* may not issue.''

There is no doubt that the Circuit Court for Multnomah County has inherent power to hear the case of relator *versus* Luckenbach Steamship Company. That court has refused to hear that case. He has refused because he disclaims jurisdiction over the person of the defendant in that case. The law seems to be well settled that where a court declines jurisdiction by a mistake of law *mandamus* will lie to compel him to proceed to hear and determine the case: Merrill on Mandamus, §§ 203–205, 207; 38 C. J. 610; *Zachary* v. *Polk County Court,* 74 Or. 58, 62–64 (144 Pac. 1182); *In re Grossmayer,* 177 U. S. 48 (44 L. Ed. 665, 20 Sup. Ct. Rep. 535); *In re Connaway,* 178 U. S. 421, 425 (44 L. Ed. 665, 1134, 20 Sup. St. Rep. 951); *In re Hohorst,* 150 U. S. 653, 663, 664 (37 L. Ed. 1211, 14 Sup. Ct. Rep. 221); *Hill* v. *Morgan,* 9 Idaho, 718 (76 Pac. 323). No question of fact is involved. The attitude of the defendant in refusing to entertain jurisdiction is equivalent to refusal to perform his duty enjoined by law. Defendant has no authority or right to say to the plaintiff in the litigation that he will not entertain his action unless plaintiff will waive a right the law gives him. It is the clear duty of the Circuit Court to hear the case instituted by the relator against the steamship company and determine the issues according to the law as they arise in the course of the trial. The defendant steamship company can find a way to preserve all of its rights and have the question sought to be determined by the motion to quash the service of summons finally determined by the courts of last resort of the state and nation. There is a distinction

between an illegal service of a summons and a defective summons or a defective service of a legal summons: *Sealy* v. *California Lumber Co.,* 19 Or. 94, 97 (24 Pac. 197). There is also a distinction between a defective service or service of a defective summons and a privilege of a defendant to submit to a trial only in a certain county or district: 4 C. J. 1320, note 45; 2 R. C. L. 33, § 20; 40 Cyc. 108, 109, 115 (IV); *Baker* v. *Union Stockyards Nat. Bank,* 63 Neb. 801 (89 N. W. 269, 93 Am. St. Rep. 484, 485); *Reinstadler* v. *Reeves,* 33 Fed. 308; *Dial* v. *Olsen,* 4 Ariz. 293 (36 Pac. 175). There is neither a defective summons nor a defective service of a legal summons involved in the instant case. Said steamship company claims immunity in this state from litigation of the nature instituted by relator.

7. It is suggested that relator has a remedy by appeal, but we do not think so. The order sustaining the motion to quash the service is not a final order. It is not an order preventing a judgment or decree. Defendant concedes that relator could proceed to trial under his complaint and prosecute his action to a final judgment if he would waive the benefits of the Jones Act.

8, 9. We cannot determine in this proceeding the sufficiency of the complaint in that action. If said steamship company wishes to test the sufficiency of the complaint, it should proceed by motion or demurrer. Motion to quash the service is not the proper method to determine the sufficiency of the complaint. It may be possible that relator by some circuitous proceeding might have his cause determined, but such proceeding would not be plain, speedy or adequate. We believe the learned circuit judge erred in quashing the service of the summons and in

refusing to entertain jurisdiction of said action. Let the peremptory writ issue.     WRIT ALLOWED.

RAND, C. J., and BELT and ROSSMAN, JJ., concur.