# THE

# NEW YORK SUPPLEMENT

## VOLUME 129

---

### FINCH SCHOOL v. FINCH.

(Supreme Court, Appellate Division, Second Department. May 5, 1911.)

1. CORPORA⸳ ⸳NS (§ 503*)—RESIDENCE—ACTIONS—"RESIDENT."

A domestic corporation, having its principal office and place of business in a county, is a "resident" of the county, within the statutes defining the place of trial.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1935; Dec. Dig. § 503.*

For other definitions, see Words and Phrases, vol. 7, pp. 6161–6166; vol. 8, p. 7788.].

2. CORPORATIONS (§ 503*)—RESIDENCE—ACTIONS.

Under Code Civ. Proc. § 984, providing that an action must be tried in the county in which one of the parties resides, the place of trial of an ᵃᵗⁱᶜ⸳ for an accounting and a money judgment, brought by a domestic ᶜⁱ⸳ⁱᵒ⸳ᵗⁱᵒⁿ aᵍainst an individual in a county in which neither party resides, must, on demand of defendant, complying with section 986, be changed to the county in which the corporation resides.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1943; Dec. Dig. § 503.*]

Appeal from Special Term, Westchester County.

Action by the Finch School against James W. Finch. From an order denying a motion to change place of trial, defendant appeals. Reversed, and motion granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Joseph M. Allen, for appellant.

Charles W. Sinnott, for respondent.

RICH, J. The defendant appeals from an order denying his motion for a change of venue from Westchester to New York county.

[1] The moving papers allege that the plaintiff is a domestic corporation, having its principal office and place of business at No. 61 East Seventy-Seventh street, in the borough of Manhattan. It is therefore a resident of the county of New York. Rumsey's Practice, vol. 2, p. 135, and cited cases. It is also alleged that the defendant is a resident of the same borough and county. The answering affi-

davits do not deny that it is a domestic corporation, with its main office and place of business in New York county, but are devoted to an attempt to show that in March of 1910 the defendant was a resident of Putnam county, and that Westchester and Putnam are adjoining counties. The action was commenced on June 20, 1910. There is no claim made that either of the parties resided in Westchester county when the action was commenced. The respondent files no brief, and I am unable to comprehend what materiality the fact that Westchester and Putnam are adjoining counties has on the question here presented.

[2] The action is for an accounting and a money judgment of $51,-109.58. Its place of trial is determined by section 984 of the Code of Civil Procedure, which provides that an action not specified in sections 982 and 983 must be tried in the county in which one of the parties resided at the commencement thereof. Neither party resided in Westchester county. The defendant, having complied with the requirements of section 986 of the Code of Civil Procedure, was entitled to the relief demanded as an absolute right, and the order must be reversed, with $10 costs and disbursements, and defendant's motion granted, with costs. All concur.