### In re STEINER.

(District Court, E. D. New York. March 28, 1918.)

BANKRUPTCY ☞184(2)—CHATTEL MORTGAGE—VALIDITY—RECORDING.

Under Lien Law N. Y. (Consol. Laws, c. 33), §§ 232–235, requiring a mortgage of chattels in the city of New York to be filed in the county of the mortgagor's residence as well as in the county where the chattels are located, and declaring that the county of residence shall be the county "where the mortgagor alleges to reside at the time of the execution of the mortgage," a mortgage on chattels in New York county, filed in that county, but not in the county of the mortgagor's residence, is invalid, as a lien on bankrupt's property, under section 230, where the mortgage contained no statement as to the place of the mortgagor's residence, and, though the mortgagee asserted that the mortgagor orally stated he lived in New York county, it appeared the mortgagee com-

municated with the mortgagor over the telephone while the latter was in Brooklyn, which was his actual place of residence.

In Bankruptcy. In the matter of the bankruptcy of Henry Steiner, trading as Henry Steiner & Son. The chattel mortgage under which the mortgagee claimed the proceeds of the sale of certain property of the bankrupt held invalid as a lien.

Edward J. Dowling, of New York City, for petitioner.

Otterbourg, Steindler & Houston, of New York City, for trustee.

CHATFIELD, District Judge. A chattel mortgagee claims the proceeds of sale of certain property of the bankrupt, to the amount of the balance remaining open upon the mortgage, viz., $1,925. The special master has reported that the mortgagee had reasonable cause to believe that the bankrupt was insolvent at the time the chattel mortgage was executed, and that the chattel mortgage was intended as a preference. He has therefore found that the chattel mortgage was voidable and invalid as a preferential payment, and also invalid as security for past indebtedness as against creditors. The testimony plainly supports these findings.

The record shows, also, that a present consideration of $500 was paid at the time of giving the chattel mortgage, but additional security for this advance, in the form of a claim against a third party for $400, was assigned to the mortgagee and has been collected. Thus the mortgage is security for $100 of this present consideration, and an agreement was made to extend future credit, if needed. It is necessary, therefore, to consider whether the mortgage was properly filed, so as to be valid security for whatever part of the money was advanced at the time.

The law of the state of New York, as set forth in sections 232-235 of the Lien Law of the state (Consol. Laws, c. 33; chapter 38, Laws 1909) requires that a mortgage of chattels in the city of New York be filed in the county of the residence of the bankrupt, as well as in that county where the chattels are located. The bankrupt had been doing business in New York county, the chattels were located there, and the chattel mortgage was filed in that county. The law (section 232) provides that the county of residence shall be the county "where the mortgagor alleges to reside at the time of the execution of the mortgage." This provision amended the preceding law by introducing the word "alleges."

It is evident that the defect in the law as it formerly existed arose from contradictory statements of residence, or from conflicts between oral statements of the mortgagor and proof by creditors as to actual legal residence. The present statute was evidently intended to require a statement in the mortgage showing the place of residence of the mortgagor. If he resides in another county in New York City, or in some other county in the state outside of the city, the mortgagee's duty is completed if the mortgage is filed in that county where the residence is claimed. This may throw upon the mortgagee the burden of procuring an affidavit from the mortgagor as to his place of

249 F.—56

residence, if this is not known to the mortgagee; but, so far as this case is concerned, we can assume that the creditors would be bound by the filing of the mortgage in the county in which the mortgagor states he resides.

In the case at bar, no place of residence was given. The mortgagee claims that the bankrupt stated orally that he lived in New York county, although he was in communication with him by telephone at his son-in-law's home in Brooklyn, where the mortgagee, as a matter of fact, actually resided. The evidence shows that the mortgagee was negligent, both in failing to require the mortgagor to state his place of residence and also in failing to take into account obvious facts before assuming that the bankrupt's place of residence was New York county. The special master's finding on this point is therefore correct, and the chattel mortgage was not filed in accordance with the statute, which by section 230 declares it to be absolutely void as against creditors.

An order will be entered, holding the mortgage invalid as a lien.