LUIS PRIETO, Plaintiff, *v.* UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION, Defendant.

(Supreme Court, Kings Special Term, January, 1922.)

Maritime law — actions by seamen for injuries — act of congress approved June 5, 1920 — " the court of the district " means a federal court — seaman may not reject statutory provision as to jurisdiction of court if he accepts benefits of statute — dismissal of complaint in state court.

The words " the court of the district " in the act of congress, approved June 5, 1920, which practically has modified certain principles of the maritime law theretofore applicable to actions by seamen for maritime torts and injuries, are apt to designate a district court of the United States but are insufficiently descriptive to be regarded as referring to state courts.

While said act of congress provides that a seaman who has suffered personal injury in the course of his employment may bring an action for damages and that in such action all federal statutes modifying or extending the common law remedy in cases of personal injury to railway employees, shall apply, a seaman may not accept the benefits of said act of congress and reject the accompanying provision that jurisdiction in such an action shall be under the court of the district in which the defendant's employer resides or in which his principal office is located.

Where, therefore, such an action was brought in the Supreme Court of this state against the United States Shipping Board Emergency Fleet Corporation, a motion to dismiss the complaint on the ground that the court has not jurisdiction of the subject matter, will be granted.

ACTION to recover damages for personal injuries. MOTION for dismissal of complaint on ground that court has no jurisdiction of subject matter.

Edgar J. Treacy, for plaintiff.

Wallace E. J. Collins, United States attorney (James A. Hatch, of counsel), appearing specially for the purpose of this motion only.

DIKE, J. The defendant, United States Shipping Board Emergency Fleet Corporation, appears specially herein for the purpose of moving to dismiss the complaint on the ground that this court has not jurisdiction of the subject matter.

The action is to recover damages for injuries sustained by the plaintiff, a seaman, in the course of his employment, upon a vessel alleged to be owned or leased, or operated and controlled by the defendant. The complaint alleges that the injuries were occasioned by the negligence of the defendant and its officers and other seamen in the control and operation of the vessel and in failing to maintain the vessel and its appliances in a safe and seaworthy condition. The action is brought under the act of June 5, 1920. Barnes Federal Code, Supp. of 1921, § 7568. This act provides that a seaman who has suffered personal injury in the course of his employment may, at his election, maintain an action at law for damages and that in such action " all statutes of the United States modifying or extending the common law right or remedy in cases of personal injury to railway employees shall apply; " and that " Jurisdiction in such actions shall be under the *court of the district* in which the defendant employer resides or in which his principal office is located." Prior to this act, it had been decided that members of the crew of a vessel, except perhaps the master, were fellow servants and that a seaman, suing for a maritime tort or injury, arising from the negligence of the master or any member of the crew, was not entitled to recover an indemnity or consequential damages but only his

wages and the cost of maintenance and cure; but for an injury resulting from the unseaworthiness of the vessel or its appliances, he was entitled to recover full indemnity. While such an action was maintainable in the courts of common law, it did not thereby become a common-law action. The plaintiff was without power to elect to substitute the principles of the common law for those of the maritime law. On the contrary, by bringing the action in the state court the plaintiff was deemed simply to have elected to enforce his maritime rights through the medium of a common law tribunal, but the essential characteristics of the maritime law, including the rules relating to the acts of fellow servants, to contributory negligence, to assumption of risks, and the measure of recovery, were controlling and governed in the trial of the action. *The Osceola,* 189 U. S. 158; *Chelentis* v. *Luckenbach S. S. Co.,* 247 id. 372; *Kennedy* v. *Cunard S. S. Co.,* 197 App. Div. 459. The Federal Employers Liability Act (Barnes Federal Code, §§ 8069, 8071, 8072) effects radical changes in the common-law rules relating to fellow servants, contributory negligence and assumption of risks. These changes diminish the efficacy of the defenses theretofore available to the defendant in actions brought by railway employees for personal injuries. The provisions, which effect these changes, now inure to the benefit of a seaman who elects to proceed under the act of June 5, 1920. Practically, by this act, congress has modified certain principles of the maritime law theretofore applicable to actions by seamen for maritime torts and injuries. But the seaman may not accept the benefits of the act and reject the accompanying jurisdictional provision. The words "*the court of the district*" are apt to designate a district court of the United States but are insufficiently

Supreme Court, January, 1922.        [Vol. 117.

descriptive to be regarded as referring to state courts. In the Federal Employers Liability Act (Barnes Federal Code, § 8074) there is an express provision that " The jurisdiction of the courts of the United States under this Act shall be concurrent with that of the courts of the several States   *   *   *." This provision is here important only as it may emphasize the absence of a similar provision in the act of June 5, 1920. It indicates that where congress has desired the jurisdiction of the federal and state courts to be concurrent, that intent has not been left to doubtful inference but has found expression in language of unequivocal import. The hardship upon the plaintiff in this case is obvious. The organization of the United States Shipping Board Emergency Fleet Corporation was an outgrowth of the late war. It is fair to assume that the situation will not be a permanent one. The reasoning of Mr. Justice Hotchkiss in *Nox* v. *U. S. Shipping Board,* N. Y. L. J., Jan. 3, 1922, seems to me to be convincing.

Motion granted.