CATHERINE LYNOTT, as Administratrix of the Estate of PETER LYNOTT, Deceased, Respondent, *v.* GREAT LAKES TRANSIT CORPORATION, Appellant.

*Negligence — master and servant — jurisdiction — action to recover for death of employee on vessel occasioned through alleged negligence of master — jurisdiction of state courts — assumption of risk.*

*Lynott* v. *Great Lakes Transit Corpn.*, 202 App. Div. 613, affirmed.
(Argued November 28, 1922; decided December 15, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered August 11, 1922, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant, his employer.  Plaintiff's intestate, a fireman on the steamship *Octorara*, left the vessel while it was docked at the city of Buffalo, and while returning to the vessel and attempting to pass over a gangplank provided by the defendant for his use, fell from said plank and was drowned.  Defendant contended: *First,* that this action was not within the jurisdiction of the court because of the provisions of section 33, amending section 20, of the Merchant Marine Act of the United States, passed and effective June 5, 1920, and *second,* that in any event the deceased assumed the risks which resulted in his death, and, therefore, the plaintiff cannot recover.

*Fred W. Ely* for appellant.

*Dana L. Spring* and *Hamilton Ward* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.