THOMAS GROONSTAD, as Administrator of the Estate of ISAAC C. ISAACKSEN, Deceased, Respondent, v. ROBINS DRY DOCK AND REPAIR COMPANY, Appellant.

**Master and servant — maritime law — common law — action to recover for death of decedent caused by injury received while working on ship being repaired in dry dock in navigable waters — erroneous charge as to contributory negligence of decedent.**

In an action brought to recover for the death of plaintiff's intestate caused by an injury which he received while working for defendant company upon a ship being repaired at its dry dock in New York, in navigable waters, the trial court charged that the negligence, if any, of the decedent would not defeat the cause of action but would operate merely to diminish the damages. This was error. Plaintiff's cause of action rests on the statutes of New York, and contributory negligence of the person killed is a complete bar to a recovery. (Decedent Estate Law, §§ 130, 131.)

*Groonstad* v. *Robins Dry Dock & Repair Co.,* 201 App. Div. 581, reversed. Re-argument denied, 203 App. Div. 33.

(Argued May 1, 1923; decided May 8, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 14, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*Paul Koch* and *A. G. Maul* for appellant. The charge of the trial court that the plaintiff's contributory negligence would not bar recovery, but would merely reduce the amount of recovery, constituted error. (*Robinson* v. *Detroit & Co.*, 73 Fed. Rep. 883; *Quinette* v. *Bisso*, 136 Fed. Rep. 825; *The Harrisburg*, 119 U. S. 199; *The Hamilton*, 207 U. S. 398; *McDonnell* v. *Mallory*, 77 N. Y. 546; *The Corsair*, 145 U. S. 335; *Cohen* v. *Goldman*, 76 N. Y. 284; *Groves* v. *Warren*, 233 N. Y. 160.)

*Grant Hoerner* and *Peter Baumer* for respondent.

POUND, J. This is an action to recover damages for the neglect of defendant by which. it is alleged that the death of plaintiff's intestate was caused while he was working for defendant removing boiler patches from the French cruiser *Marseilles* when it was undergoing repairs at defendant's dry dock in New York in the navigable waters of the United States. It is not questioned that the maritime law in respect to torts in local waters is applicable.

The trial court, over defendant's exception, in a charge otherwise free from substantial error, instructed the jury that the negligence, if any, of the deceased would not defeat the cause of action but would operate merely to diminish the damages. This was error. The maritime law, as declared by the courts of the United States, refuses, in the absence of statute, to apply the principle of Lord Campbell's Act and applies the rule of the common law that no civil action lies for an injury which results in death. (*The Harrisburg*, 119 U. S. 199; *Western Fuel Co.* v. *Garcia*, 257 U. S. 233, 240.) Plaintiff's cause of action, therefore, rests on the statutes of New

York which create and limit the liability and the remedy. (Code Civ. Pro. § 1902; Decedent Estate Law, § 130; Cons. Laws, ch. 13.) On the trial of such an action the contributory negligence of the person killed is a complete bar to a recovery. (Code Civ. Pro. § 841-b; Decedent Estate Law, § 131.) This defense attaches to plaintiff's right to sue. (*Western Fuel Co.* v. *Garcia, supra*, p. 242.)

The error was substantial. Decedent's contributory negligence was pleaded as a defense and the question was submitted to the jury by the trial court on the evidence.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., HOGAN, CARDOZO, McLAUGHLIN and CRANE, JJ., concur; ANDREWS, J., absent.

Judgment reversed, etc.