FRANCES PATRONE et al., as Administrators of the Estate of NICHOLAS PATRONE, Deceased, Respondents, *v.* M. P. HOWLETT, INC., Appellant.

**Negligence — action to recover for death of seaman injured in course of his employment — right and remedy given by act of Congress known as Jones Act exclusive of other remedies — state courts have concurrent jurisdiction at present time — rule of comparative negligence applies to such action.**

1. Since the enactment of the act of Congress, known as the Jones Act (U. S. Comp. Stat. 1923 Suppl. p. 2390), which adopts the rule of comparative negligence in actions for personal injuries, a seaman injured in the course of his employment has an action at law in place of the common-law remedy reserved to him in addition to his action *in rem* in admiralty by the Judiciary Act of 1789. The act does not expressly or by necessary implication take away the right which he had to resort to the state courts.

2. A seaman was killed by an accident in the course of his employment and his administrators bring this action to recover for his death in the state court. It is contended by defendant that the action must have been under the state statute because the state court would not have jurisdiction under the federal statute; in effect that plaintiffs had a choice of remedies and elected to proceed in the state court. This is untenable. The plaintiffs did not have a remedy under the state act after the Jones Act occupied the field and became a part of the general maritime law, and, therefore, on the face of the record had no election and made none. It follows, therefore, that the trial justice submitted the case properly under the act of Congress and not under the state act, although he did not mention either act. He committed no error unless it was the radical error of assuming jurisdiction when the court had none.

3. Jurisdiction, in this action, relates to the subject-matter of the action and cannot be conferred by consent. If the United States has prescribed the conditions under which action for death of a seaman may be brought so as to exclude the state courts, the litigants cannot dispense with those conditions. But this question is not raised. Defendant asks to have the complaint dismissed on the merits. In view of the decision of this court in *Lynott* v. *Great Lakes Transit Corp.* (202 App. Div. 613; affd., 234 N. Y. 626), this court

should not dismiss the complaint on its own motion for lack of jurisdiction.

*Patrone* v. *Howlett, Inc.*, 207 App. Div. 856, affirmed.

(Submitted January 11, 1924; decided February 19, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme ·Court in the second judicial department, entered November 5, 1923, modifying and affirming as modified a judgment in favor of plaintiffs entered upon a verdict.

*James J. Mahoney* and *George J. Stacy* for appellant. The action was brought in the state court, decedent's contributory negligence defeats the action, and the trial court erred in charging otherwise. (*Groonstad* v. *Robins D. D. & R. Co.*, 236 N. Y. 52.)

*William S. Butler* and *James A. Gray* for respondents. The charge of the learned court on contributory negligence was correct. (*Lynott* v. *G. L. Transit Corp.*, 202 App. Div. 619; 234 N. Y. 626.)

POUND, J.   The question is whether the court properly instructed the jury that the rule of comparative negligence was applicable to the action.

It is contended by the appellant that because the action was brought in the state court, contributory negligence was a complete defense under our ruling in *Groonstad* v. *Robins Dry Dock & Repair Co.* (236 N. Y. 52).

The point is not made on its brief or on the record that the state court was without jurisdiction of this action.

The exception is "to that portion of your honor's charge wherein you discussed the question of the proportion of damages."

Plaintiffs stand on the act of Congress of June 5, 1920 (U. S. Comp. Stat. 1923 Supp. p. 2390) known as the

Jones Act, which adopts the rule of comparative negligence. Deceased was a seaman injured in the course of his employment, and thus within the terms of the act.

The question is as yet unsettled by a decision of the United States Supreme Court as to whether the state courts have jurisdiction of an action under the act of Congress. The act says: " jurisdiction in such actions shall be under the *court of the district* in which the defendant employer resides or in which his principal office is located."

Justice Hotchkiss held at Special Term (*Nox* v. *U. S. S. S. Board,* 193 N. Y. Supp. 340) that the federal district court had exclusive jurisdiction. So, also, Justice Dike (*Prieto* v. *U. S. S. Board, E. F. C.,* 117 Misc. Rep. 703) and Cushman, Dist. J., in *Wenzler* v. *Robin Line S. S. Co.* (277 Fed. Rep. 812, 817).

On the other hand, the Appellate Division, second department, held that the state court had jurisdiction in *Tammis* v. *Panama R. R. Co.* (202 App. Div. 226). So, also, the fourth department in *Lynott* v. *Great Lakes Tr. Corpn.* (202 App. Div. 613) which we affirmed (234 N. Y. 626). (See, also, *Flynn* v. *Panama R. R. Co.,* [1st Dept.] 205 App. Div. 871.)

In the *Groonstad Case* (236 N. Y. 52) deceased was not a seaman. He was the employe of a dry dock company. The state statute was the only basis for the death action, although death occurred in the navigable waters of the United States and the maritime law as modified by statute applied. In *Maleeny* v. *Standard Shipbuilding Corp.* (237 N. Y. 250), where we held that contributory negligence was a defense in an action to recover damages for personal injuries, based on a maritime tort, the plaintiff was not a seaman and his only remedy was under the local practice.

Here the appellant seeks to get the benefit of the *Groonstad* case by arguing in effect that this action must have been under the state statute, because the state court

1924.]            Opinion, per POUND, J.        [237 N. Y. 394]

would not have jurisdiction of an action under the federal statute; in effect, that plaintiffs had a choice of remedies and elected to proceed in the state court under the state statute. But plaintiffs did not have a remedy under the state act after the Jones Act occupied the field and became a part of the general maritime law (*Western Fuel Co.* v. *Garcia*, 257 U. S. 233, 241) and, therefore, on the face of the record, had no election and made none.

The trial justice submitted the case properly under the act of Congress and not under the state statute, although he did not mention either statute. He committed no error unless it was the radical error of assuming jurisdiction when the court had none.

Jurisdiction herein relates to the subject-matter of the action and cannot be conferred by consent. The court may of its own motion dismiss the action where it has no jurisdiction of the subject-matter. (*Robinson* v. *Oceanic S. Nav. Co.*, 112 N. Y. 315, 324.) If the United States has prescribed the conditions under which action for death of a seaman may be brought so as to exclude the state courts, the litigants cannot dispense with those conditions. Appellant does not make this point. It asks to have the complaint dismissed on the merits. In view of our decision in the *Lynott* case, I think that we should not dismiss the complaint on our own motion for lack of jurisdiction.

The Jones Act gives a seaman an action at law in place of the common-law remedy reserved to him in addition to his action *in rem* in admiralty by the Judiciary Act of 1789. Prior to its passage he had the right to resort to the state courts whenever they were competent to give a remedy. It does not expressly or by necessary implication take away the right to resort to the state courts. It provides for the venue, when the action is brought in the United States court, and probably that is as far as it goes in defining jurisdiction. We have in effect so held in the *Lynott Case* (*supra*).

Many of the other points of appellant do not survive the unanimous affirmance and none of them presents substantial error.

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment affirmed.