## VILLARD v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION et al.

(District Court, E. D. New York. May 29, 1924.)

No. 2178.

1. Seamen ⚖➡29(5)—Jurisdiction of action for injury to seaman; "district" means county in New York.

The provision of Merchant Marine Act June 5, 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), giving jurisdiction of an action by a seaman for injury to "the court of the district in which the defendant employer resides or in which his principal office is located," when such action is in a state court of New York, requires it to be brought in the county in which defendant resides or has his principal office.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, District.]

**2. Corporations ⬦503(1)—Residence, for jurisdictional purposes, is in county where principal office is located.**

The "residence" of a New York corporation, for jurisdictional purposes, is in the county where its principal office in the state is located.

At Law. Action by Leo R. Villard against the United States Shipping Board Emergency Fleet Corporation and the Munson Steamship Line. On motion by defendants to dismiss for want of jurisdiction. Granted.

Frederick R. Graves, of New York City, for plaintiff.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Edgar G. Wandless, of New York City, of counsel), specially, for defendant United States Shipping Board Emergency Fleet Corporation.

Nathan A. Smyth, of New York City, specially, for defendant Munson S. S. Line.

CAMPBELL, District Judge. This is a motion made by both defendants, pursuant to section 278 of the Civil Practice Act and rule 107 of the Rules of Civil Practice, for a judgment dismissing the complaint herein, on the ground that the court had no jurisdiction of the person of the defendants. The action has been removed to this court from the New York Supreme Court, Kings County, and the defendants have both appeared specially for the purpose of making this motion.

This action is brought under the Merchant Marine Act of June 5, 1920, c. 250 (Comp. St. Ann. Supp. 1923, § 8337a), for damages for injuries alleged to have been caused to the plaintiff by the negligence of the defendants, their agents or servants, aboard a ship owned or leased by them. The complaint alleges that the defendant Munson Steamship Line was and now is a corporation organized and existing under and by virtue of the laws of the state of New York, and at all said times was and now is doing business in the state of New York, with its principal office for the regular transaction of business in the borough of Manhattan, city, county, and state of New York.

The county of Kings is in the Eastern district of New York, while the county of New York is in the Southern district of New York, as the said state is divided into federal court districts. The state of New York is under the state Constitution divided into judicial districts; the county of Kings being in the Second judicial district, and the county of New York in the First judicial district.

[1] In my opinion, however, Congress did not, by the words "the court of the district in which the employer defendant resides or in which his principal office is located," mean the federal court district when the action is brought in the state courts, nor the state judicial district when the action is brought in the New York state courts, but did mean, when the action is brought in the New York state courts, the county in which the defendant resides or has his principal office, as the county is in reality the district for the purpose of determining where actions are to be brought.

Under the New York state law the plaintiff is bound, when bringing an action in the state Supreme Court, to designate the county in which the trial of the action is desired. See rule 45 of the Rules of Civil Practice of the state of New York, so much thereof as is necessary for consideration in the case at bar reading as follows: "Rule 45. Requisites of Summons.—The summons must state the court in which the action is brought, the names of the parties, and, if in the Supreme Court, the county which the plaintiff designates as the place of trial." And provision is made for holding terms of court, including trial terms, with juries, in each of the counties of the state. The state judicial districts are principally political subdivisions or units for the election of Supreme Court judges.

The plaintiff having alleged that the principal office of the defendant was in the county of New York, and said county being in the Southern district of New York (federal), the action was not brought in the district where the principal office of the defendant was located.

[2] The remaining question to be decided therefore is: Did the defendant reside in Kings county, which is in the Eastern district of New York (federal)? And, if it did not, then the action was not brought in "the court of the district in which the employer defendant resides or in which his principal office is located." The defendant is a New York corporation, and plaintiff and defendant both say that defendant's principal office is in New York county, and therefore, in my opinion, its residence for jurisdictional purposes is New York county, and not Kings county. New York General Corporation Law (Laws of 1909, c. 28) § 3, subd. 9, which reads as follows: "The term 'office of a corporation' means its principal office within the state, or prin-

cipal place of business within the state if it has no principal office therein."

In general, it may be said that the corporations are residents of the county where the office of the company is located and its general business carried on. Rossie Iron Works v. Westbrook, 59 Hun, 345, 13 N. Y. Supp. 141; Conroe v. National Protection Ins. Co., 10 How. Pr. 403. On a motion for a change of venue, it has been held that a domestic corporation is deemed to be a resident of the county in which it has its principal office and place of business. Finch School v. Finch, 144 App. Div. 687, 129 N. Y. Supp. 1.

The defendant corporation, Munson Steamship Line,` being a creature of the state of New York, it was within the power of the state to determine the place of residence of the corporation for jurisdictional purposes, and we therefore find that New York county was the place of residence of the defendant Munson Steamship Line, and that the action commenced by the plaintiff was not commenced in the federal court district, state judicial district, or county in which the defendant Munson Steamship Line resided, or in which its principal office is located.

The main questions presented on this motion have been fully discussed by me in the opinion I have this day filed in the action of Louis Caceres v. United States Shipping Board Emergency Fleet Corporation and United States Lines, 299 Fed. (2d) 968, and on that opinion as herein supplemented the motion made by the defendants for judgment, dismissing the complaint herein as to both defendants, on the ground that the court has no jurisdiction of the person of either or both of the defendants, is granted, with costs.

Settle on notice.