JAMES HOLLAND, Appellant, *v.* ATLANTIC STEVEDORING COMPANY, Respondent.

Second Department, June 25, 1924.

**Workmen's compensation — employer and employee engaged in maritime work agreed to be subject to Workmen's Compensation Law, as provided by § 113 thereof — waiver of admiralty jurisdiction not coerced by Federal statute ousting Federal courts of jurisdiction which was later declared unconstitutional.**

An employee engaged in maritime work who agrees with his employer under section 113 of the Workmen's Compensation Law to waive the jurisdiction of the admiralty courts or State courts administering admiralty law and to become subject to the Workmen's Compensation Law, which agreement was entered into after the enactment of the Federal statute ousting Federal courts of jurisdiction in cases involving injuries to maritime workers and giving jurisdiction thereof to Workmen's Compensation Commissions, cannot, after the Federal statute was declared unconstitutional, claim that his waiver is ineffectual and that he has the right to bring an action to recover damages for injuries suffered in an accident on the ground that he was coerced into making the agreement under the belief that the Federal statute was constitutional, for said Federal statute was void from the beginning and the plaintiff is presumed to have known that it was a void statute.

APPEAL by the plaintiff, James Holland, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 7th day of May, 1924, granting defendant's motion under rule 107 of the Rules of Civil Practice to dismiss the complaint on the ground that the court has not jurisdiction of the subject of the action.

*Ralph Stout* [*Harry S. Austin* with him on the brief], for the appellant.

*Paul Koch* [*Charles O. Truex* with him on the brief], for the respondent.

Order dismissing complaint affirmed, without costs, on opinion by Mr. Justice CARSWELL at Special Term.

JAYCOX, KELBY, YOUNG and KAPPER, JJ., concur; KELLY, P. J., dissents.

The following is the opinion of the court below:

CARSWELL, J.:

The State by an appropriate statute (Workmen's Compensation Law of 1922, § 113) has provided that an employee and an employer

engaged in an activity which would ordinarily be within admiralty jurisdiction and, therefore, not subject to the Workmen's Compensation Law of this State may by certain acts subject themselves to the Workmen's Compensation Law and effect a waiver of the jurisdiction of the admiralty courts or State courts administering admiralty law, with respect to accidents and injuries received in the course of them. The United States Supreme Court has recognized the right of such an employer and employee to avail themselves of such a State law in a kindred situation. (*Grant Smith-Porter Co.* v. *Rohde,* 257 U. S. 476.) The Congress of the United States enacted a statute which took effect June 10, 1922, which purported to oust Federal courts of jurisdiction in cases involving injuries to maritime workers and giving the jurisdiction thereof to Workmen's Compensation Commissions.* That act was declared unconstitutional by the United States Supreme Court. (*Washington* v. *Dawson & Co.,* 264 U. S. 219, decided February 25, 1924.) Between these two dates the plaintiff and the defendant contracted to waive recourse to courts administering admiralty law and submit to and comply with the Workmen's Compensation Law in this State, pursuant to section 113 thereof. The plaintiff now brings suit based upon the accident that resulted in his injury. He claims that his contract as aforesaid and his purported waiver are ineffectual. The facts set out in the moving affidavits are admitted, and the motion is to dismiss the complaint under rule 107 upon the ground that the court has not jurisdiction of the subject-matter. This presents the only question involved in the case: Is the plaintiff bound by his submission to the Workmen's Compensation Commission of this State? He claims that his waiver was in effect coercively produced by the seeming existence of this Federal statute during the period intervening between its enactment by Congress and its invalidating by the United States Supreme Court, which statute in his understanding of it barred him from recourse to the courts and left him no alternative but to submit to the Workmen's Compensation Law of this State, to which the defendant had theretofore likewise submitted. This contention may not be sustained. A statute which is ultimately declared unconstitutional is presumed to have been known by all to be a nullity from the time of its enactment, even though the fact of its nullity is not known until declared a long time afterwards by a five to four decision. Therefore, an unconstitutional statute

---

* See 42 U. S. Stat. at Large, 634, 635, chap. 216, §§ 1, 2, respectively amdg. Judicial Code (36 id. 1091), § 24, subd. 3, and Judicial Code (36 id. 1160, 1161), § 256, subd. 3, as respectively amd. by 40 id. 395, chap. 97, §§ 1, 2.— [REP.

which has no effect and which every one is presumed to know has no effect cannot be held in law to have any coercive effect upon the plaintiff when he acted to waive his right to have recourse to admiralty. His contracting to submit to the Workmen's Compensation Law, where his employer had likewise waived its right by contract and also submitted, must be given full force and effect, as in law a voluntary act of both of them. The motion is granted.