ANDREW ANDERSON, as Administrator, etc., of THOMAS DOLAND, Deceased, Plaintiff, *v.* STANDARD OIL COMPANY OF NEW JERSEY and Others, Defendants.

Supreme Court, Kings Special Term, April 20, 1925.

Ships and shipping — action for death of plaintiff's intestate who died as result of injuries suffered while repairing vessel in Hudson river — intestate and employer were residents of New Jersey, contract was made there, and intestate died there — Federal statute (Jones Act) not applicable — plaintiff's sole remedy is under New Jersey Workmen's Compensation Law which is made applicable by § 2, subds. 7, 8 and 9, thereof — courts of this State have no jurisdiction.

The Federal statute known as the Jones Act is not applicable to a cause of action to recover for the death of plaintiff's intestate who died as the result of injuries suffered while repairing a vessel in the Hudson river, for the character of the work he was engaged in, apart from anything else, prevents that act from applying, and, therefore, no cause of action arose in admiralty for his death.

The plaintiff's intestate and his employer were residents of New Jersey, the contract of employment was made there, and intestate died there, and, therefore, the plaintiff's sole remedy is under the New Jersey Workmen's Compensation Law, since it appears that the employer complied with the provisions of that law and that the intestate not having given any notice that he would not be bound by that law was, pursuant to the provisions of subdivisions 7, 8 and 9 of section 2 thereof, subject thereto, and that law became a part of the contract of employment and determined the rights of the plaintiff with respect to the death of his intestate.

Inasmuch as the plaintiff's sole remedy is under the New Jersey Workmen's Compensation Law, the courts of this State have no jurisdiction of the cause of action.

MOTION by the defendant Tietjen & Lang Dry Dock Company, under subdivision 2 of rule 107 of the Rules of Civil Practice, to dismiss the complaint in that this court has no jurisdiction of the subject of the action.

*Swanick & Barber* [*James F. Barber* of counsel], for the plaintiff.

*Charles O. Truex* [*Paul Koch* of counsel], for the defendant Tietjen & Lang Dry Dock Company.

CARSWELL, J.:

The action is by an administrator to recover for the death of one Doland, his intestate. Doland received injuries while working on board a vessel in the Hudson river as an employee of the defendant Tietjen & Lang Dry Dock Company. That company had a contract to repair the vessel upon which Doland, as its employee, was injured February 10, 1923, in the course of making the repairs. Doland was taken from the vessel to a hospital in New Jersey where he died two days after the accident, February 12, 1923. Under the general maritime law no recovery may be had for a death upon navigable waters resulting from negligence. (*The Harrisburg*, 119 U. S. 199; *The Alaska*, 130 id. 201; 1 Benedict Admiralty [5th ed.] § 140; *Matter of La Bourgogne*, 117 Fed. 261.) Before the Jones Act an action *in personam* could be maintained in the State and Federal courts for such a death negligently caused where plaintiff was suing in a State having a Death Statute, which State act he invoked. (*Steamboat Co.* v. *Chase*, 83 U. S. 522; *The Hamilton*, 207 id. 398, 404; *Western Fuel Co.* v. *Garcia*, 257 id. 233, 241; *Groonstad* v. *Robins Dry Dock & R. Co.*, 236 N. Y. 52.) The Jones Act superseded these local Death Statutes in actions involving seamen. (*Patrone* v. *Howlett*, 237 N. Y. 394.)

Section 33 of the Merchant Marine Act, 1920 (41 U. S. Stat. at Large, 1007, chap. 250), approved June 5, 1920, and known as the Jones Act, which amended section 20 of the Seamen's Act, 1915 (38 U. S. Stat. at Large, 1185, chap. 153), approved March 4, 1915, and known as the La Follette Act; Barnes Fed. Code, § 7568), gives a right of action for the death of a seaman. (*Panama R. R. Co.* v. *Johnson*, 264 U. S. 375.) But a plaintiff now must avowedly sue upon that act and not rely upon a State statute. (*Patrone* v. *Howlett, supra*.) · Plaintiff herein does not plead upon the Jones Act. Doland was not a seaman; therefore, plaintiff may not invoke the Jones Act.

Doland was a resident of New Jersey when he died, and the plaintiff procured letters of administration in New Jersey. The complaint must be deemed to be invoking the New Jersey Death Act (N. J. Laws of 1848, p. 151, as amd. by N. J. Laws of 1917, chap. 180; 2 Comp. Stat. N. J. 1907, § 7). If the New York State statute (Decedent Estate Law, § 130 *et seq.*, as added by Laws of 1920, chap. 919) were deemed controlling no different result would ensue. Both statutes are death statutes as distinguished from

survival statutes. (*McKeering* v. *Penn. R. R. Co.*, 65 N. J. L. 57; *Cooper* v. *Shore Electric Co.*, 63 id. 558; *Cons. Traction Co.* v. *Hone*, 60 id. 444; *Grosso* v. *D., L. & W. R. R. Co.*, 50 id. 317; *Matter of Meekin* v. *Brooklyn Hts. R. R. Co.*, 164 N. Y. 145; *Matter of Brennan*, 160 App. Div. 401; *Gmaehle* v. *Rosenberg*, 83 id. 339.)

Doland's injuries were received on board a vessel in navigable waters, but he died on land. The character of the work he was engaged in apart from anything else eliminates the Jones Act; therefore, no cause of action arose in admiralty for his death. The cause of action, if any, that arose for his death arose on land. (*Ryley* v. *Phila. & R. R. Co.*, 173 Fed. 839; *The Kaian Maru*, 2 Fed. [2d] 121.) The defendant employer is a New Jersey corporation. The plaintiff was a New Jersey resident and the contract between them was made in New Jersey and, therefore, was a New Jersey contract. Did this cause of action which arose on land persist or was it extinguished by the New Jersey Workmen's Compensation Law enacted in 1911? That act is an elective act. It provides (N. J. Laws of 1911, chap. 95, § 2, subds. 7, 8, 9) that if the employer complies with it (and the record herein shows that this employer did so comply), in the absence of notice not to be bound, from the employee within the time and in the manner prescribed by the act, both are presumed to have agreed to be bound thereby. Doland gave no notice that he did not intend to be bound by the act; therefore, he and his next of kin became bound by it. The New Jersey Workmen's Compensation Law thereby became part of the contract between the defendant employer and Doland. That act, therefore, determines the rights of the plaintiff with respect to the death of Doland. (*Bockhop* v. *Phœnix Transit Co.*, 97 N. J. L. 514; *Grant Smith-Porter Co.* v. *Rohde*, 257 U. S. 469; *Holland* v. *Atlantic Stevedoring Co.*, 210 App. Div. 129.) The rights which would otherwise arise under the New Jersey Death Act were, therefore, prevented from arising by reason of the inclusion of the New Jersey Workmen's Compensation Law in the contract of the employer and Doland. It follows from this that this court has no jurisdiction of the subject of the action. This disposition is not inconsistent with *Newman* v. *Robins Dry Dock & Repair Co.* (201 App. Div. 861). There the contract of employment did not include as part of its terms the New York Workmen's Compensation Law. Here the contract of employment includes the New Jersey Workmen's Compensation Law, recourse to which is the sole remedy of the plaintiff. The motion must, therefore, be granted.