FRANK RODRIGUES, Appellant, *v.* TRANSMARINE CORPORATION, Respondent.

Second Department, March 26, 1926.

**Ships and shipping — action by seaman to recover for injuries suffered — defendant is foreign corporation with principal office in New Jersey and place of business in New York county — venue was not improperly laid in Kings county — Merchant Marine Act of 1920, § 33, relating to jurisdiction of courts applies to actions in Federal courts.**

The venue of this action by the plaintiff, a seaman, brought under section 33 of the Merchant Marine Act of 1920, to recover for injuries suffered was not improperly laid in Kings county, though it appears that the defendant is a foreign corporation with its principal office in New Jersey and a place of business in New York county.

Section 33 of the Merchant Marine Act of 1920, providing that the jurisdiction of the courts in such an action shall be under the court of the district in which the defendant employer resides or in which his principal office is located, has no application to an action in the State courts but applies only to actions brought in the Federal courts.

APPEAL by the plaintiff, Frank Rodrigues, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 30th day of October, 1925, granting defendant's motion to dismiss the complaint made on the ground that the court did not have jurisdiction of the person of the defendant.

*James A. Gray* [*William S. Butler* and *Joseph P. Bleckman* with him on the brief], for the appellant.

*George S. Brengle* [*Sawyer Thompson* with him on the brief], for the respondent.

JAYCOX, J. The defendant, Transmarine Corporation, is a corporation organized and existing under the laws of the State of New Jersey, with its principal office in the State of New Jersey. Its only office or place of business in the State of New York is in the county of New York.

22

On July 18, 1925, a summons without complaint or notice was served on the defendant. The summons designated Kings county, a county where the defendant has no office or place of business, as the place of trial. The defendant having served a notice of appearance, a copy of the complaint was served and defendant moved the court for an order dismissing the complaint on the ground that the court did not have "jurisdiction of the person of the defendant." It is conceded that the purpose of the complaint was to allege a cause of action for personal injury to a seaman under section 33 of the Merchant Marine Act of 1920, enacted by the Congress of the United States (hereinafter referred to as the "Jones" Act), which section amends section 20 of the Seamen's Act of 1915 (known as the La Follette Act) and provides as follows: "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." (38 U. S. Stat. at Large, 1185, chap. 153, § 20, approved March 4, 1915, as amd. by 41 id. 1007, chap. 250, § 33, approved June 5, 1920. See, also, Barnes Federal Code Supp. § 7568; U. S. Comp. Stat. Supp. § 8337-a.) Before the passage of this statute, in June, 1920, a seaman could not sue for compensatory damages for negligent injury, unless the vessel upon which he was employed was unseaworthy. (*The West Jester*, 281 Fed. 877.) If he was injured, whether through negligence or otherwise, he was limited at the most to wages, maintenance and cure. (See *The Osceola*, 189 U. S. 158.)

The respondent, in support of the order, cites *Wienbroer* v. *U. S. Shipping Board E. F. Corp.* (299 Fed. 972) and *Caceres* v. *U. S. Shipping Board E. F. Corp.* (Id. 968), but I do not consider those decisions binding upon this court. (*Tammis* v. *Panama Railroad Co.*, 202 App. Div. 226, 234; *Lynott* v. *Great Lakes Transit Corporation*, Id. 613, 619.) The question presented has, however, been passed upon by courts of this State, whose decisions I regard as binding, and they have reached their conclusions by reasoning

which seems to me to be correct. This question was presented to this court in this department in *Tammis* v. *Panama Railroad Co. (supra)* and we held (opinion by KELLY, J.) that the Supreme Court of Richmond county had jurisdiction. In that case this court said: " Every species of tort, however occurring, and whether on board a vessel or not, if upon the high seas or navigable waters, is of admiralty cognizance (*Atlantic Transport Co.* v. *Imbrovek*, 234 U. S. 52, 60), and article 3, section 2, subdivision 1, of the Constitution of the United States extends the judicial power of the United States to all cases of admiralty and maritime jurisdiction. Article 1, section 8, subdivision 18, gives Congress the power to make all laws necessary for the execution of the powers granted. By section 9 of the Judiciary Act of 1789 (1 U. S. Stat. at Large, 76, 77) the District Courts of the United States were given ' exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, * * * saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it.' This grant was continued by the United States Revised Statutes (§§ 563, 711) and by the Judicial Code (§§ 24, 256).* (*Kennedy* v. *Cunard Steamship Co., Ltd.*, 197 App. Div. 459, 464, 466.) " And that there was nothing in the Merchant Marine Act of 1920 to deprive the common-law courts of this State of jurisdiction, and that an intention so to do could not be left to inference but must be distinctly manifested, the final conclusion of the court being that the jurisdiction saved to suitors by section 9 of the Judiciary Act of 1789 still exists. That decision was handed down June 29, 1922, and on June 30, 1922, the Appellate Division of the Fourth Department rendered its decision in *Lynott* v. *Great Lakes Transit Corporation (supra)* in which the same conclusion was reached, the court there saying (p. 619): " The common-law courts of the States are still competent to grant the common-law remedy. (*Steamboat Co.* v. *Chase*, 16 Wall. 524.) The section in respect to jurisdiction may well be construed to mean that jurisdiction in such actions shall be under the District Court of the United States of the district in which the defendant employer resides or in which his principal office is located, where the jurisdiction of the United States courts is invoked, and that the jurisdiction of the State courts otherwise remains as heretofore to apply the common-law remedy." Upon appeal that decision was affirmed by the Court of Appeals without opinion (234 N. Y. 626).

The question as to the jurisdiction of the courts of this State

---

* See, also, *Christensen* v. *Morse Dry Dock & Repair Co.* (216 App. Div. 274, 277 *et seq.*).— [REP.

under this so-called " Jones " Act came before the Court of Appeals again in *Patrone* v. *Howlett* (237 N. Y. 394). Judge Pound, writing for the court, said: " The Jones Act gives a seaman an action at law in place of the common-law remedy reserved to him in addition to his action *in rem* in admiralty by the Judiciary Act of 1789. Prior to its passage he had the right to resort to the State courts whenever they were competent to give a remedy. It does not expressly or by necessary implication take away the right to resort to the State courts. It provides for the venue, when the action is brought in the United States court, and probably that is as far as it goes in defining jurisdiction. We have in effect so held in the *Lynott Case (supra)*."

The decision in the *Tammis Case (supra)* granted a new trial and upon that trial a verdict was rendered in favor of the plaintiff and upon appeal the judgment entered thereon was reversed (208 App. Div. 706) and upon appeal to the Court of Appeals the judgment of this court was affirmed and judgment absolute entered against the plaintiff (238 N. Y. 632). An application was then made to the United States Supreme Court for a writ of certiorari to review, and the application was denied. (266 U. S. 627.)

In *Patrone* v. *Howlett* (supra) the Court of Appeals said: " Jurisdiction * * * relates to the subject-matter of the action and cannot be conferred by consent." So I think it is fair to assume that the question of jurisdiction was passed upon by the Supreme Court of the United States.

The respondent contends that a different question is presented now from that which was before this court in the *Tammis* case, and it bases this contention upon the fact that in the *Tammis* case the United States district in which the action was brought was separated from the district in which the defendant had its principal office by a county line, while in this case the two districts are divided by a State line. In the division of the Federal territory into districts for the purpose of fixing the jurisdiction of the District Courts I do not understand that any distinction is made between districts divided by county lines and those divided by State lines. (See United States Judicial Code [36 U. S. Stat. at Large, 1101], §§ 51, 52. See, also, 42 id. 849, chap. 345, and 43 id. 1264, chap. 526, amdg. said § 51.) In the *Tammis* case Mr. Justice Kelly said: " When in the last clause of section 33 of the Merchant Marine Act of 1920, Congress said: ' Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located,' it seems to me that this was a regulation providing for the venue of such actions when brought in the District Court of the United States. And as this case is to be

sent back for a new trial it may be that this action at common law should be tried in the First Judicial District of the State, which is the district in which the principal office of the defendant is located." This was not even *obiter;* it was merely a suggestion. The opinion is authority only for the question decided. (*Colonial City T. Co.* v. *Kingston R. R. Co.,* 154 N. Y. 493.) Either the jurisdiction of the State courts was left untouched or it was destroyed. If it is admitted that that provision, " Jurisdiction in such actions shall be under the court of the district," has any application to State courts, I think jurisdiction would be in the United States District Court exclusively. In the *Tammis* case we held that the State Supreme Court had jurisdiction. The jurisdiction was of the subject-matter and could not be acquired by consent (*Patrone* v. *Howlett, supra*), and, therefore, this court necessarily held, as did the Court of Appeals when the question reached that court, that the above-quoted provision had no application to the jurisdiction of the courts of this State and " was a regulation providing for the venue of such actions when brought in the District Court of the United States." (*Tammis Case, supra,* 230.)

In the *Lynott* case (p. 619) Mr. Justice SEARS said it applied where the jurisdiction of the United States court is invoked, and that the jurisdiction of the State courts otherwise remains the same to apply the common-law remedy. (Affd., without opinion, 234 N. Y. 626.)

In *Patrone* v. *Howlett* (*supra*) the Court of Appeals said: " It provides for the venue, when the action is brought in the United States court, and probably that is as far as it goes in defining jurisdiction. We have in effect so held in the *Lynott* case."

So far as the Jones Act affects jurisdiction we are, I think, bound by controlling authorities.

The order dismissing the complaint should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

KELLY, P. J., MANNING, YOUNG and KAPPER, JJ., concur.

Order dismissing complaint reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.