Andrea Dopico, Plaintiff, *v.* New York Marine Company, Defendant.

Supreme Court, New York County, July 21, 1926.

Ships and shipping — marine torts — action by plaintiff for personal injuries suffered on defendant's tug by reason of negligent operation thereof in navigable waters — complaint also alleged defendant failed to supply plaintiff with safe place to work — jurisdiction — seaman may maintain action in Federal or State courts to recover damages for injuries suffered in navigable waters — contributory negligence and assumption of risk may not be pleaded as defenses in action for negligence arising out of marine torts — plaintiff did not assume risk of employment — defenses reciting contributory negligence and assumption of risk stricken out for insufficiency.

An action by the plaintiff, a seaman, for personal injuries suffered on a tug owned and operated by the defendant in navigable waters, by reason of the negligent operation thereof, and on the further ground that the defendant failed to provide the plaintiff a safe place in which to work, may be maintained either in the Federal or State courts, and an affirmative defense that the Supreme Court had no jurisdiction over the subject-matter of the action is insufficient in law and must be stricken out. Moreover, affirmative defenses that the accident occurred through the negligence of the plaintiff and that he assumed the risk of his employment cannot be pleaded as defenses in an action for negligence arising out of marine torts and must be stricken out.

As a matter of fact, the plaintiff did not assume the risk of his employment; if shipowners operate their ships with improper appliances they must assume the risks, not the seamen.

Motion to strike out second, third and fourth affirmative defenses in the defendant's answer on the ground that they are insufficient in law.

*Allan Deutsch,* for the plaintiff.

*E. C. Sherwood,* for the defendant.

Gibbs, J. The complaint alleges that the plaintiff while engaged as an oiler on one of the tugs owned and operated by the defendant in navigable waters, sustained injuries to his person due to the negligent operation by defendant, its servants and employees of machinery he was oiling; it further alleges that the defendant failed to provide a safe place for the plaintiff to work in. The second affirmative defense alleges that the accident occurred through the carelessness and negligence of the plaintiff; the third affirmative defense alleges that plaintiff assumed the risks of his employment; and the fourth affirmative defense sets forth that the State courts have no jurisdiction over the subject-matter of the action, as the

plaintiff was engaged in a maritime occupation in navigable waters and the Federal courts, alone, must determine his rights.

Before considering the second and third affirmative defenses it is necessary to determine whether this court has jurisdiction of the cause of action pleaded by the plaintiff. The latest authorities in this State hold that a seaman may maintain an action either in the Federal or State courts to recover damages sustained by him while on navigable waters. (*Lynott* v. *Great Lakes Transit Corp.*, 202 App. Div. 613; affd., 234 N. Y. 626; *Rodrigues* v. *Transmarine Corp.*, 216 App. Div. 337; *Patrone* v. *Howlett, Inc.*, 237 N. Y. 394.) It is apparent from these decisions that the defense is insufficient in law.

As to the second and third defenses. Contributory negligence and assumption of risk are not matters to be pleaded as defense in an action for negligence arising out of maritime torts. Causes of action based upon such wrongs must be governed by the established rules of maritime law. It is a matter of affirmative proof on the part of the plaintiff to establish freedom from contributory negligence.

It is a long and well-established principle that a seaman does not assume the risks of his employment. This rule is grounded in sound public policy. If vessel owners sail their ships with improper appliances, they must assume the risks, not the seamen. (*Cricket S. S. Co.* v. *Parry*, 263 Fed. 523.) In the case of *Johnson & Co.* v. *Johansen* (86 Fed. 886) the court said: " It may be, as urged so strongly by the appellant, that the libelant received these appliances and proceeded to use them without objection, but, if this be so, it must be considered that on board ships a sailor is not expected to, nor, as for that matter, permitted, before executing an order, to question the propriety of the order or the sufficiency of the materials furnished." A seaman of necessity must part with a great portion of his personal liberty; he is subject to the commands of his employer. In a large sense he is under the restraint of discipline and duty quite as rigorous as that of the soldier in the field. In the line of duty he cannot be heard to question orders of superior officers. Were it to be held that he assumed the risks of his employment, under orders, the result would be manifestly unjust. (*Lafourche Packet Co.* v. *Henderson*, 94 Fed. 871; *Lynott* v. *Great Lakes Transit Corp.*, *supra*; *The Colusa*, 248 Fed. 21; *Panama R. Co.* v. *Johnson*, 289 id. 964.)

Accordingly I find that the second, third and fourth separate defenses are insufficient in law. Motion to dismiss these defenses granted, with ten dollars costs.