In the Matter of the Application of JAMOSA HOLDING CORPORATION, Petitioner, against MORRIS BLEENDES and Others, Respondents.

Supreme Court, Special Term, Kings County, November 15, 1939.

*S. Millendorf,* for the petitioner.

*S. K. & M. B. Goldstein,* for the respondents.

SWEZEY, J. This is a motion to compel Morris Bleendes, secretary of the Jamosa Holding Corporation, and his attorneys, S. K. & M. B. Goldstein, to return the by-laws and minute book of the said corporation to the office of the corporation.

Section 10 of the Stock Corporation Law provides that every stock corporation shall keep at its office correct books of account of all

its business and transactions and consequently, notwithstanding any provision to the contrary in any by-law of the corporation, these books must be kept at its office. Obviously, a minute book containing the minutes and the by-laws is quite as much a book of account of the transactions of the corporation as is a ledger, a book of account of its finances. Consequently, the court is of the opinion that even though the by-laws do in fact provide that such book shall be kept in the custody of the secretary, nevertheless, pursuant to the above-mentioned provision of law, it should be kept in the custody of the secretary at the office of the corporation. It appears conclusively that although the corporation originally designated No. 16 Court street, in the borough of Brooklyn, as its office, nevertheless, since 1937, it has not maintained any office at that address, that place having merely been the office address of a former attorney for the corporation. In February, 1937, the corporation commenced using premises at 2001 Bath avenue, Brooklyn, to which it had previously acquired title. No denial is made by the respondent of the categorical allegation that all of the meetings of the corporation since that time and even as late as June, 1939, have been held, without objection, at the Bath avenue address. The respondent does not allege his failure to participate at the corporate meetings held at this latter place. It is significant that all of the other books of the corporation, with the exception of the book which is the subject-matter of this motion, are kept at Bath avenue without objection, notwithstanding the fact that under the law the secretary is the proper custodian of all of the books of the corporation.

Irrespective of whether, pursuant to subdivision c of section 35 of the Stock Corporation Law, a valid and legal change of the corporate address may only be made upon compliance with the procedural provisions therein provided, the situation here disclosed is not affected thereby. I reach this conclusion upon the assumption that, in any event, the Bath avenue address is at least the *de facto* corporate office of the petitioner. In consequence, at least with respect to the immediate parties herein involved, the Bath avenue address is the proper place at which to keep the books. If respondent is correct in his contention that physical possession of the books may properly be retained by him personally, over the objection of the other members of the corporation, the respondent would have a right to retain such book even though he physically departed from the State. I cannot agree that it was ever intended that the custodianship of the corporate books might bring about such a result. The motion is, therefore, in all respects granted.