## In re HILLMARK ASSOCIATES, Inc.

### No. 80699.

District Court, S. D. New York.

July 10, 1942.

Eppstein & Hirshfield, of New York City (Abraham I. Menin, of New York City, of counsel), for petitioner.

Young, Balbach, Tilford & Lewis, of New York City (Arnold R. Lewis, of New York City, of counsel), for trustee.

GODDARD, District Judge.

Trustee seeks a review of an order of the referee directing him to turn over the proceeds of the sale of certain of the bankrupt's personal property to the mortgagee thereof.

According to the stipulation of facts herein, on January 14, 1942, the bankrupt corporation executed a chattel mortgage on certain of its property to Charles C. Shaw who thereafter assigned said mortgage to the Shaw Factors Corporation to

secure the payment of the sum of $1,500 with interest.

The mortgage covers chattels and fixtures located at the bankrupt's principal and only place of business, situated at 40–08 22nd Street, Long Island City, Queens County. In the mortgage the bankrupt alleged that it had its principal place of business and residence at the Long Island City address, and attached to the mortgage and made a part thereof, was an affidavit signed by the President and Secretary of the bankrupt corporation, which stated that its principal place of business was at the Long Island City address in Queens County.

The Certificate of Incorporation of the bankrupt corporation gave its address and principal place of business as 318 East 22nd Street, in the City of New York, but from January 1, 1941, after its lease expired, the bankrupt had no office or place of business at that address and did no business except at the Long Island City address. No certificate was ever filed pursuant to Section 35 of the New York Stock Corporation Law changing the location of the bankrupt's principal place of business. In its petition in bankruptcy, the bankrupt's residence is given as 305 Broadway, New York City, which was the office of the attorney who incorporated the bankrupt. The bankrupt corporation transacted no business, held no directors' meetings there, and kept no books of account, stock ledger or minute books there, nor was it ever a tenant or subtenant at that address and at no time did it actually have an office there.

The sole question is whether or not the chattel mortgage was duly filed in accordance with the provisions of Section 232 of the New York Lien Law. The applicable portion of that statute provides: "If the chattels mortgaged are in the city of New York at the time of the execution of the mortgage, the mortgage or a true copy thereof must be filed in the county where the mortgagor alleges to reside at the time of the execution of the mortgage, and in the county where the property is situated."

The trustee contends that since the mortgage was not filed in New York County, where the corporation had designated its principal place of business in its Certificate of Incorporation, the mortgage is invalid.

The petitioner contends that Section 232 of the Lien Law requires that the mortgage be filed in the county where the mortgagor alleges to reside at the time of the execution of the mortgage and in the county where the chattels are located; that since in its affidavit and in the mortgage the petitioner alleged to reside in Queens County at the time the mortgage was executed, it is a valid mortgage and the referee committed no error in holding said mortgage valid and directing the turnover of the proceeds of the sale of the chattels to it.

■■ It appears to be the general rule that for the purposes of taxation, keeping of the corporate books and venue for the commencement of legal proceedings, the residence of a domestic corporation is the county in which it has its principal place of business as designated by it in its Certificate of Incorporation. Finch School v. Finch, 144 App.Div. 687, 129 N.Y.S. 1; Carvel Court Realty Co., Inc., v. Jonas, 195 App.Div. 662, 186 N.Y.S. 802. No cases have been cited by the trustee involving residence for the purposes of filing a chattel mortgage within the meaning of the Lien Law. However, it is not disputed that the bankrupt has never done any business at the 305 Broadway address, and has done no business at the address designated by it in its Certificate of Incorporation since January, 1941, at which time the corporation transferred its entire business to the Long Island City address. The Long Island City address was at least the de facto corporate office and residence of the bankrupt. Matter of Jamosa Holding Corporation v. Bleendes, 173 Misc. 492, 493, 18 N.Y.S.2d 190.

■ In any event, it is unnecessary now to decide the question of residence. Section 232 of the Lien Law does not require that the mortgage be filed in the county where the mortgagor resides or designates its residence in its Certificate of Incorporation; it requires that the mortgage be filed in the county where the mortgagor alleges to reside at the time of the execution of the mortgage. At the time of the execution of the mortgage it was alleged by the mortgagor in the mortgage itself and in an affidavit made by the mortgagor submitted with the mortgage that it resided in Queens County. This is sufficient compliance in this respect with the provisions of the Lien Law. In re Steiner, D. C., 249 F. 880, 882.

■ The present statute was evidently intended to require a statement in the mortgage showing the place of residence of the

mortgagor, and the mortgagor's duty is completed if the mortgage is filed in that county where the residence is claimed. In re Steiner, supra, 249 F. at page 881.

Accordingly, the petition to review is dismissed and the order of the referee is affirmed.