■ In the Matter of J & J BAKING Co., INC. I. GEORGE STEIN, Respondent; AARON FEINBERG et al., Appellants.— In a general assignment proceeding for the benefit of creditors, pursuant to statute (Debtor and Creditor Law, art. 2), Aaron Feinberg and George Feinberg, the holders of a chattel mortgage theretofore executed by the corporate assignor on certain of its equipment, appeal: (1) from an order of the Supreme Court, Queens County, dated June 14, 1962, which granted the motion of the assignee Stein to cancel said mortgage; and (2) from so much of an order of said court, dated and entered the same day, as denied their motion for reargument. Order of June 14, 1962, reversed, with $10 costs and disbursements, and motion denied. Appeal from the order denying reargument dismissed, without costs; such an order is not appealable. It appears that on November 30, 1959, the corporate mortgagor, which in its certificate of incorporation had designated New York County as its principal office, executed a chattel mortgage, in which it recited its principal place of business to be in Queens County. The mortgaged chattels were also located in Queens County. A copy of the chattel mortgage was thereafter filed in Queens County, but not in New York County. In April, 1962 the mortgagor's assignee for the benefit of creditors moved to cancel the mortgage on the ground that it had not been filed in New York County. The motion was granted. In our opinion, where the mortgaged chattels are located outside the City of New York, section 232 of the Lien Law requires filing where the mortgagor resides, which in the case of a corporate mortgagor, means its principal office designated in the certificate of incorporation (Matter of Norma Footwear [Leather Bd.], 2 A D 2d 24, affd. 2 N Y 2d 887). However, where the mortgaged chattels are located in the City of New York, the same statute requires filing where the mortgagor "alleges to reside" and where the property is situated. Since the mortgagor alleged in the chattel mortgage that it "resided" (i.e., had its principal place of business) in Queens County, and since the mortgaged chattels were situated in Queens County, the chattel mortgage was properly filed in Queens County and was not required to be filed in New York County (Barnes v. Lynn, 221 F. 2d 955; Matter of Steiner, 249 F. 880; Matter of Hillmark Associates, 47 F. Supp. 605). Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.